UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN- SOUTHERN DIVISION

DANIEL D. HARRIS,

      Plaintiff,                        Case No.: 2:10-cv-14867
                                         District Judge Sean F Cox
v.                                     Magistrate Judge Mark A. Randon

WORLD FINANCIAL NETWORK
NATIONAL BANK,

      Defendant.

| | |
|---|---|
| JULIE A. PETRIK (P47131) | CHARITY A. OLSON (P68295) |
| Lyngklip & Associates | Olson Law Group |
| Consumer Law Center, PLC | Attorneys for Defendant |
| Attorneys for Plaintiff | 106 E. Liberty, Suite 206 |
| 24500 Northwestern Highway, Suite 206 | Ann Arbor, MI  48104 |
| Southfield, MI 48075 | Tel: 732-222-5179 |
| Tel: 248-208-8864 | colson@olsonlawpc.com |
| juliepetrik@att.net | |

**ANSWER AND AFFIRMATIVE DEFENSES**

      Defendant, World Financial Network National Bank, through its counsel, Olson Law

Group, for its Answer and Affirmative Defenses, states as follows:

**Jurisdiction**

      1.      Defendant neither admits nor denies the allegations in Paragraph 1 of the

Complaint for lack of information or sufficient belief and to the extent the allegations set forth

conclusions of law for which no response is required.

**Parties**

      2.      Defendant neither admits nor denies the allegations in Paragraph 2 of the

Complaint for lack of information or sufficient belief.

3.      Defendant neither admits nor denies the allegations in Paragraph 3 of the Complaint for lack of information or sufficient belief except to admit that Defendant is a corporation, albeit more properly captioned as Allied Data Systems (f/k/a World Financial Network National Bank), and to deny that Defendant's principal place of business is in Ohio.

### Venue

4.      Defendant neither admits nor denies the allegations in Paragraph 4 of the Complaint for lack of information or sufficient belief.

5.      Defendant neither admits nor denies the allegations in Paragraph 5 of the Complaint for lack of information or sufficient belief and to the extent the allegations set forth a conclusion of law for which no response is required.

### General Allegations

6.       Defendant neither admits nor denies the allegations in Paragraph 6 of the Complaint for lack of information or sufficient belief except to admit that Defendant placed one or more calls to (810) 610-1233.

7.      Defendant neither admits nor denies the allegations in Paragraph 7 of the Complaint for lack of information or sufficient belief except to admit that Defendant placed one or more calls to (810) 610-1233 on August 18, 2010.

8.      Defendant neither admits nor denies the allegations in Paragraph 8 of the Complaint for lack of information or sufficient belief because the term "automatic telephone dialing system" is not defined, thereby, preventing admission or denial of the allegations as posed.  Defendant does admits, however, that it placed one or more calls to (810) 610-1233 using an auto dialer system.

9.      Defendant neither admits nor denies the allegations in Paragraph 9 of the Complaint for lack of information or sufficient belief except to admit that Defendant utilizes artificial or pre-recorded messages in conjunction with some outgoing calls.

10.     Defendant neither admits nor denies the allegations in Paragraph 10 of the Complaint for lack of information or sufficient belief except to deny that that the alleged message was directed at Plaintiff.

11.     Defendant neither admits nor denies the allegations in Paragraph 11 of the Complaint for lack of information or sufficient belief.

12.     Defendant neither admits nor denies the allegations in Paragraph 12 of the Complaint for lack of information or sufficient belief except to admit that Defendant placed one or more calls to (810) 610-1233 during the relevant time period and to deny that Defendant sought to collect a debt from Plaintiff.

13.     Defendant neither admits nor denies the allegations in Paragraph 13 of the Complaint for lack of information or sufficient belief except to admit that Defendant placed one or more calls to (810) 610-1233 on August 18, 2010.

14.     Defendant neither admits nor denies the allegations in Paragraph 14 of the Complaint for lack of information or sufficient belief except to admit that Defendant utilizes artificial or pre-recorded messages in conjunction with some outgoing calls.

15.     Defendant neither admits nor denies the allegations in Paragraph 15 of the Complaint for lack of information or sufficient belief except to admit that Defendant placed one or more calls to (810) 610-1233 from August 21 – September 4, 2010.

16.     Defendant neither admits nor denies the allegations in Paragraph 16 of the Complaint for lack of information or sufficient belief except to admit that Defendant placed one or more calls to (810) 610-1233 on August 21, 2010.

17.     Defendant neither admits nor denies the allegations in Paragraph 17 of the Complaint for lack of information or sufficient belief except to admit that Defendant placed one or more calls to (810) 610-1233 from October 4 – October 27, 2010.

18.     Defendant neither admits nor denies the allegations in Paragraph 18 of the Complaint for lack of information or sufficient belief except to admit that Defendant placed one or more calls to (810) 610-1233 during the relevant time period.

19.     Defendant neither admits nor denies the allegations in Paragraph 19 of the Complaint for lack of information or sufficient belief except to admit that Defendant utilizes artificial or pre-recorded messages in conjunction with some outgoing calls.

20.     Defendant neither admits nor denies the allegations in Paragraph 20 of the Complaint for lack of information or sufficient belief except to admit that Defendant utilizes artificial or pre-recorded messages in conjunction with some outgoing calls.

21.     Defendant neither admits nor denies the allegations in Paragraph 21 of the Complaint for lack of information or sufficient belief except to deny that Defendant sought to collect a debt from Plaintiff.

22.      Defendant neither admits nor denies the allegations in Paragraph 22 of the Complaint for lack of information or sufficient belief except to deny that Plaintiff was the intended recipient of such calls.

23.      Defendant neither admits nor denies the allegations in Paragraph 23 of the Complaint for lack of information or sufficient belief.

24.     Defendant neither admits nor denies the allegations in Paragraph 24 of the Complaint for lack of information or sufficient belief.

25.     Defendant neither admits nor denies the allegations in Paragraph 25 of the Complaint for lack of information or sufficient belief except to admit that Plaintiff was not the intended recipient of the calls made to (810) 610-1233 during the relevant time period.

26.     Defendant denies the allegations in Paragraph 26 in the manner and form alleged as untrue.

27.     Defendant neither admits nor denies the allegations in Paragraph 27 of the Complaint for lack of information or sufficient belief.

28.     Defendant neither admits nor denies the allegations in Paragraph 28 of the Complaint for lack of information or sufficient belief except to admit that the calls placed to (810) 610-1233 were made during daytime hours.

29.     Defendant neither admits nor denies the allegations in Paragraph 29 of the Complaint for lack of information or sufficient belief except to deny that Defendant is liable to Plaintiff.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint as untrue.

### COUNT I- Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 *et seq.* (World Financial)

31.      Defendant incorporates its previous responses as if fully set forth herein.

32.     Admitted.

33.     Defendant neither admits nor denies the allegations in Paragraph 33 of the Complaint because they set forth a legal conclusion for which no response is required.

34.     Defendant neither admits nor denies the allegations in Paragraph 34 of the Complaint for lack of information or sufficient belief.

35.     Defendant neither admits nor denies the allegations in Paragraph 35 of the Complaint for lack of information or sufficient belief.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint as untrue.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint as untrue.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint as untrue.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint as untrue.

**COUNT II- Michigan Collection Practices Act (World Financial)**

40.     Defendant incorporates its previous responses as if fully set forth herein.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint as untrue.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint as untrue.

**Demand for Jury Trial**

43.     Paragraph 43 contains no allegations against Defendant and, thus, no further response is required.

**WHEREFORE**, World Financial Network National Bank, requests that this Court (a) dismiss Plaintiff's Complaint in its entirety; (b) award Defendant its fees and costs incurred in defense of these claims; and (c) grant such further and other relief as is just and proper.

Respectfully Submitted,

/s/Charity A. Olson
CHARITY A. OLSON (P68295)
Olson Law Group
Attorneys for Defendant
106 E. Liberty, Suite 206
Ann Arbor, MI  48104
Tel: (734) 222-5179
Fax: (866) 941-8712
Dated: January 24, 2011          colson@olsonlawpc.com

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff has failed to state a claim or set forth facts upon which relief can be granted.

2.     Plaintiff lacks legal standing to assert claims against Defendant pursuant to 47 U.S.C. §227(b) or MCL §445.252.

3.     Plaintiff's TCPA claims are barred, in whole or in part, as provided for in 47 CFR 64.1200(a)(2)(iii) and (iv).

4.     To the extent Defendant's conduct ran afoul of the law, such conduct was not intentional but was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error(s).

5.     To the extent Defendant's conduct violated the law, such conduct was neither willful, nor intentional.

6.     Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by the acts and/or omissions of persons or entities over which Defendant had no control or authority.

7.     Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions.

8.     Plaintiff has failed to mitigate his damages, if any.

9.     Plaintiff's damages, if any, are speculative.

10.     Plaintiff's claims may be precluded, in whole or in part, by consent, waiver, laches or unclean hands.

11.     Defendant relies on all other exclusions and/or limitations of liability set forth in the TCPA and/or the MCPA.

12.     Defendant reserves the right to amend and/or supplement these Affirmative

Defenses as the bases for same are revealed during discovery, motion practice or otherwise.

Respectfully Submitted,

/s/Charity A. Olson
CHARITY A. OLSON (P68295)
Olson Law Group
Attorneys for Defendant
106 E. Liberty, Suite 206
Ann Arbor, MI  48104
Tel: (734) 222-5179
Fax: (866) 941-8712
Dated: January 24, 2011          colson@olsonlawpc.com

### Proof of Service

I, Charity A. Olson, hereby state that on January 24, 2011, I electronically filed the
foregoing instrument with the Clerk of the Court using the ECF system which will send
notification of such filing to all attorneys of record.

/s/Charity A. Olson
CHARITY A. OLSON (P68295)
Olson Law Group
Attorneys for Defendant
106 E. Liberty, Suite 206
Ann Arbor, MI  48104
Tel: (734) 222-5179
Fax: (866) 941-8712
colson@olsonlawpc.com