UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

DAN HARRIS
  Plaintiff

 -vs-         Case No. 10-14867
           Hon. Sean F. Cox
           Magistrate Judge: Mark Randon

WORLD FINANCIAL NETWORK NATIONAL BANK
et al.

  Defendants

### MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM WORLD FINANCIAL NETWORK NATIONAL BANK OVER OBJECTIONS

For the reasons set forth in the accompanying brief in support, Plaintiff requests that this

Honorable Court compel production of documents from the Defendant, World Financial Network

National Bank.

### Certification of Counsel

I certify that I have attempted to obtain the requested discovery without court action in good

faith by conferring or attempting to confer with the attorney for World Financial Network National

Bank ("World Financial") and the requested discovery has not been provided.


       Respectfully Submitted,

       By:  s/ Julie A. Petrik
       Julie A. Petrik (P-47131)
       LYNGKLIP & ASSOCIATES
       CONSUMER LAW CENTER, PLC
       Attorney For Dan Harris
       24500 Northwestern Highway, Ste. 206
       Southfield, MI 48075
       (248) 208-8864
       JuliePetrik@Att.Net

Dated: April 2, 2011

**BRIEF IN SUPPORT OF**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM WORLD**
**FINANCIAL NETWORK NATIONAL BANK OVER OBJECTIONS**

## Issue Presented by Motion

Where  Plaintiff's discovery requests seek information necessary to advance Plaintiff's

claims and meet WFNNB's defenses, should this Court sustain WFNNB's boilerplate objections that

are unsupported by any evidence or information?  The Plaintiff submits the answer is, no.

## Table of Principle Authorities Cited

*A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D.Cal.,2006)

*Athridge, v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181 (D. DC 1998)

*Hickman vs. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947)

*Federal Open Market Comm. of Federal Reserve Sys. v. Merrill*, 443 U.S. 340, 362, (1979)

*General Dynamics Corp. v. Selb Mfg. Co*. 481 F.2d 1204 (8th Cir. 1973)

*Josephs v. Harris Corp.*, 677 F.2d 985 (3rd Cir. 1982)

*Liquidometer Corp. v. Capital Airlines, Inc.*, 24 F.R.D. 319 (D.C. Del.1959)

*Marks v. Global Mortgage Group, Inc*., 218 F.R.D. 492(S.D. W.V. 2003)

*Meyer v. Southern Pacific Lines*, 199 F.R.D. 610 (N.D.Ill.2001)

*Nester v. Poston*, 200 F.R.D. 268 (W.D.N.C.,2001)

*Protective Nat. Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267

*Snowden v. Connaught Lab., Inc*. 137 F.R.D. 325(Kan. 1991)

## Relief Sought

Dan Harris seeks an order compelling World Financial Network National Bank to produce

non-privileged documents relating to the this lawsuit in complete, unredacted form.

## Facts

On January 11, 2011,  Dan Harris served requests for production on World Financial Network National Bank ("WFNNB")(Exhibit 2).  Those requests for production sought discovery of basic information relating to the claims and defenses in this case, as well as the identity of possible witnesses and defenses.   In response to those requests, WFNNB has interposed a series of inapplicable and baseless objections and provided virtually nothing (Exhibit 3).  Its production was limited to two sets of documents: 1) the collection log thick with undefined code; and 2) screen shots of the account which are so heavily blotted with redactions they are indecipherable (Exhibit 4). Counsel attempted to resolve those objections and secure the withdrawal of those objections through a meet and confer with Defendant's counsel. WFNNB has not withdrawn any of its objections. Further, seeking to avoid the expense of time consuming discovery disputes, Plaintiff has continually expressed his desire to resolve the case by entering into settlement discussions[1]. Plaintiff brings this motion to overrule those objections and obtain the requested discovery.

### What is at Issue in this case and the Nature of the Requests

Mr. Harris' claims arise under the Telephone Communication Protection Act which is an act designed to protect against unwarranted invasion of consumer privacy. It prohibits companies like WFNNB from placing calls to cell phones through the use of autodialers and artificial or prerecorded voice technology,  without the consent of the called party.   47 U.S.C. § 227(b)(1)(A)(iii).   Mr. Harris also has claims under the Michigan Collection Practices Act ("MCPA"), M.C.L. §445.251 *et seq.* for harassing, oppressive and abusive collection conduct.  He claims that WFNNB violated both the TCPA and MCPA  willfully and he may therefore recover triple damages and court costs

---

[1]  In spite of having repeatedly requesting a response to the settlement demand tendered by Mr. Harris on March 3, 2011, WFNBB has refused to respond with any offer to resolve the case.  Mr. Harris has also requested that WFNNB participate in a settlement conference with Magistrate Judge Randon; Defendant has not accepted this offer.

and fees. 47 U.S.C. § 227(b)(3)(B) & (C);  M.C.L. §445.257.

Mr. Harris has no account with WFNNB, owes no money to WFNNB and never granted consent for it to call his cell phone number.

WFNNB has two primary defenses to the claims.  First, it maintains that it had the consent of a third party account number to call the cell phone number (Docket 5, par. 10); second it claims any violation  was neither willful or intentional and that if it did violate the law, it was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors (Docket 5, par. 4 & 5).  Accordingly, WFNNB has placed  its own "state of mind" and procedures at issue, and  opened the door to a number of lines of factual inquiry.

Mr. Harris requested production of each of the categories of documents which is discoverable  information regarding one of the following factual issues:

- ✓ The time and date of calls placed by WFNNB to Mr. Harris and the use of automated dialers and artificial and/or prerecorded voice technology in the placement of those calls;

- ✓  Mr. Harris' notice to WFNNB that it should stop calling him;

- ✓  Any alleged consent by a third party account holder to call Mr. Harris' cell phone number;

- ✓ WFNNB's knowledge that it was calling the wrong number when it called Mr. Harris;

- ✓ WFNNB's policies and procedures for the placement of automated telephone calls and for the use of artificial or prerecorded voice in the collection of accounts;

- ✓ WFNNB's knowledge of its duties and obligations under the TCPA and the MCPA.

- ✓ Other Lawsuits.

In response, WFNNB refused to provide any meaningful discovery of these issues claims.  The objections tendered did not delineate between discoverable and undiscoverable material and it produced virtually no helpful information. These objections amounted to a boilerplate list of objections, unsubstantiated by any affidavit, declaration, or adequate explanation of what was being withheld or why.  These objections were frivolous and intended solely for the purpose of preventing discovery [2].  Mr. Harris  brings this motion based on WFNNB's failure to adhere to the discovery principals of complete disclosure.

## Law and Argument

**1.**     **The requests propounded to WFNNB were reasonably calculated to lead to admissible evidence.**

**Objection Asserted to**
**Requests for Production # 3 ,5 ,6, 7, 9, 10, 11, 12, 13, 14, 15, 18, 29, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 35, 36**

Under Fed.R.Civ.P. 26, Mr. Harris  may discover any materials that are not privileged if the materials requested are reasonably calculated to lead to admissible evidence. Rule 26 is very broad, permitting a wide range of inquiry at the pre-trial stage.  If there is any possibility that the information sought may be relevant, the court should permit the discovery. *Hickman vs. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947).  The policy underlying this rule is to promote fair litigation, through mutual knowledge of relevant facts. Therefore, the rule is to be liberally interpreted in favor of granting discovery. *Hickman*, at 597, 67 S.Ct.  at 392.

Boilerplate relevancy objections, without setting forth any explanation or argument why the

---

[2]  In a recent Western District of Michigan case under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*., Magistrate Judge Scoville roundly rejected similar unsupported objections of undue burden which Defendant sought to justify its refusal to provide substantive responses to any of the Plaintiff's discovery *Ryon v Regent Asset Management*, Case No. 10-961 (W.D. Mich.,  March 23, 2011) (Exhibit 5).  As in that case, Defendant has provided virtually no information and has asserted unsupported claims of undue burden.

requested documents are not relevant, are improper. *A. Farber and Partners, Inc. v. Garber,* 234

F.R.D. 186, 188 (C.D.Cal.,2006). The mere cry of irrelevance without any statement in support of

the objection is disfavored by the court. See, e.g., *Weddington v. Consolidated Rail Corp.*, 101

F.R.D. 71 (N.D.Ind.1984).

Additionally, by interposing this objection without more, WFNNB effectively usurps the

Court's authority and renders it impossible to determine what has been hidden or withheld:

> Plaintiffs argue that, as to nine of the nineteen requests for production, the defendant asserts an ambiguous relevance objection. n6 In each of those nine instances, the defendant responds that it objects on the grounds that the request "is not reasonably calculated to lead to discovery of admissible evidence" but that it will produce "relevant, non-privileged" documents that are responsive to that request. [**26] Pls. Mot. to Compel Aetna, Ex. 2, passim. In other words, the defendant does not object with specificity to the request itself, or to its scope, on relevance grounds. Rather, it merely repeats the discovery standard contained in Fed. R. Civ. P. 26(b)(1), then states that it will determine what documents are relevant and produce those documents only. This type of answer hides the ball. It leaves the plaintiff wondering what documents are being produced and what documents are being withheld. Furthermore, it permits the defendant to be the sole arbiter of that decision. Such an objection is really no objection at all as it does not address why potentially responsive documents are being withheld. ***The defendant, having no incentive to err on the side of disclosure, has arrogated to itself the authority to decide the question of relevance which is unquestionably the decision of the judge.*** Aetna's relevance objections in this vein appear to be of no more usefulness to the plaintiffs or to the Court than the objections lodged in the general objections section. Asserting a relevance objection, then proceeding to agree to produce "relevant, non-privileged" documents "subject to and without [**27] waiving" that objection, serves only to obscure potentially discoverable information and provides no mechanism for either plaintiffs or the Court to review defendant's decisions.

*Athridge, v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181 (D. DC 1998)(emphasis added).

In this case, WFNNB has objected to virtually every discovery request based on relevancy

despite that the requests are designed to either obtain evidence to advance Mr. Harris' claims or to

meet WFNNB's defenses.

RTP # 6, 7[3], 9, 10, 11, 12, 13, 19, seek documents showing placement of calls to Mr. Harris' cell phone, documents that include his cell phone number, communications with Mr. Harris and messages concerning communications with Mr. Harris.  The numerous telephone calls placed by WFNNB to Mr. Harris.  The communications between the parties are at the heart of this case; documents evidencing those communications are relevant or reasonably calculated to lead to admissible evidence.  WFNNB's objections to these RTPs should be overruled.

RTP #18 seeks documents that address policies, procedures and practices for retention and disposal of account or collection data file.  This information is necessary to verifying whether WFNNB has provided a complete and comprehensive response to Mr. Harris' request for production of documents.  In the absence of this information, Mr. Harris has no way of determining whether additional documents may have been lost or destroyed by reason of ordinary record keeping functions.  At the same time, this information will allow Mr. Harris and the Court to determine if the records at issue are complete and accurate.

RTP # 3,5, 10, 11, 12, 14, 15  and  20 seek the documents on the underlying account, information identifying the account holder, calls made to the account holder, documents showing consent to call Mr. Harris' cell phone,  and messages and communications with the account holder. This information is necessary to test WFNNB's defense that the account holder supplied Mr. Harris' telephone number and whether it had grounds to believe that number was a good contact for the account holder (e.g. WFNNB contacts with  the account holder at her true number in the period it was barraging Mr. Harris with calls,  is relevant to whether WFNNB's had a good faith believe in

---

[3]  Mr. Harris previously provided notice of his limitation of the scope of the request in RTP #6 by withdrawing his request for documents from WFNNB's long distance carrier and in RTP #7 by withdrawing his request for every bill, billing statement or invoice for calls placed to are received from the cell phone of Mr. Harris.

the legitimacy of the alleged consent).    All this information is relevant or reasonably calculated to the discovery of admissible evidence.

RTP # 22, 23, 24, 25, 26, 27, 29, 32 and 33 seek information on how WFNNB conducts its autodialing and artificial voice/prerecorded calling operations.  Specifically, they seek WFNNB's manuals for its automated dialing systems, artificial voice/prerecorded voice messaging systems, its policies and procedures and programming guidelines for automated dialing and prerecorded/artificial voice messaging systems.  WFNNB used its autodialing system to  barrage Mr. Harris with telephone calls.   Its policies and procedures and programming models will shed evidence on the whether the placement and number of telephone calls was intentional and whether WFNNB engaged in a willful and/or knowing violation of the Acts at issue.  Similarly, WFNNB's artificial voice/prerecorded voice manuals and programming guidelines will shed evidence on WFNNB's communications to Mr. Harris and whether it had sufficient procedures in place to accept notice from a consumer that it was calling the wrong number- - issues relating to liability, consent and the intent and wilfullness elements of the case.

RTP # 28, 29, 30, 31, 37, 38 seek documents maintained by WFNNB relating to its duties under the TCPA and the MCPA, its training procedures, manuals and bulletins for compliance with these Acts, and its telephone scripts for conducting collection calls.  These documents will reveal whether WFNBB had knowledge of its duties under the relevant Acts, had sufficient compliance procedures in place and or violated the Acts wilfully or knowingly.

RTP # 35 and 36 seek copies of other complaints against WFNNB for acts similar to those in Mr. Harris' case and copies of settlements of those cases.  WFNBB's prior conduct is relevant to showing whether its violations were intentional, willful and/or knowing.  First, if WFNNB has been sued for or settled other claims under the TCPA and/or the MCPA,  that information might

constitute notice to WFNNB that its compliance procedures were inadequate.  As such, these suits

or settlements would be admissible to disprove that the defense was the result of a "good faith" error

and whether the procedures were reasonable.  Similarly, such suits might undercut claims that the

violations were "good faith" errors, and are instead a pattern or method of collecting debts.  (See

*Segenberger v Credit Control Services,* Case No. 09-c-2796, (N.D. Ill. May 5 , 2010) at 6: willful

means the conscious or deliberate commission or omission of an act.)  At the same time, other

lawsuits would bear on the frequency of violations which are an important factor in determination

of treble damages which requires that the court consider whether WFNNB acted wilfully or

intentionally.

**2.      Plaintiff's discovery requests are permissible under the discovery exception to GLB.**

**Objection Asserted to**
**Requests for Production # 2, 3, 4, 5, 9, 10, 11, 12, 14, 15, 17. 20, 21**

WFNNB claims that it need not provide discovery concerning the identity of the true account

holder and the details of its account records.  WFNNB claims that the Gramm-Leach-Bliley Act

("GLB"), 15 U.S.C. 6801 *et seq.,* shields  discovery of this information which would lead to

evidence supporting or refuting its principal defense.  Simply put, WFNNB will not provide Mr.

Harris with any information that would allow him to actually test the defense in this case.

The majority of courts that have considered the issue have found that GLB "permits a

financial institution to disclose the non-public personal financial information of its customers to

comply with a discovery request."  *Marks v. Global Mortgage Group, Inc*., 218 F.R.D. 492, 496

(S.D. W.V. 2003).  Accord *Hopkins v. Kansas Teachers Community Credit Union*, No. 08-CV-5052,

2009 U.S. Dist. LEXIS 71250 at *2 (W.D. Mo. Aug. 12, 2009) ("the Gramm-Leach-Bliley Act at

15 U.S.C. 6802(e)(8) expressly allows [the subpoenaed third party] to provide the requested

information"); *In re Insurance Premium Local Tax Litigation*, No. 06-CV-141, 2008 U.S. Dist.

LEXIS 14516 at *27 (E.D. Ky. Feb. 25, 2008) (applying the Act's exceptions for civil discovery "based on the near-universal reasoning of other courts"); *Her v. Regions Financial Corporation*, No. 2:07-CV-2017, 2007 U.S. Dist. LEXIS 71736 at *4 (W.D. Ark. Sept. 25, 2007) ("section 6802(e)(8) does permit the disclosure"); *Barkley v Olympia Mortgage Company*, No. 04-CV-875, 2007 U.S. Dist. LEXIS 13308 at *59-60 (E.D. N.Y. Feb. 27, 2007) ("the Gramm-Leach-Bliley Act provides for an exception allowing disclosure of nonpublic personal information 'to respond to judicial process'"); *Capital One Services, Inc. v. Page*, 942 So.2d 760, 765 (Miss. 2006) (the Act does not prohibit discovery of personal identifying information for other customers of financial institution); *Martino v. Barnett*, 595 S.E.2d 65, 72 (W. Va. 2004) (concluding the Act allows "the use of any judicial process expressly authorized by statute or court rule, whether by way of discovery or for any other purpose expressly authorized by law, to obtain information relevant to the proceedings to which the judicial process related from an insurance company that would otherwise fall within in the privacy protections of the Act").

In this case, the GLB does not protect the information at issue.  More importantly,  WFNNB may not simultaneously assert the defense of "consent" and at the same time withhold the very evidence that would allow Mr. Harris to test that defense.  Mr. Harris cannot effectively meet or refute the defense without the identity of the account holder and the documents that support WFFNB's claim that the account holder provided this phone number.   As such, the Court should overrule WFNNB's objections.

**3.** **Plaintiff's discovery requests identify with reasonable specificity the documents requested and are not "vague", "ambiguous or "incapable of meaningful response" for purposes of the rules.**

**Objection Asserted to**
**Requests for Production # 2, 21, 22, 23, 25, 26,  27, 32 and  33**

In this case, WFNNB Network National Bank has entered boilerplate objections that the requests are "vague", "ambiguous" or "incapable of meaningful response. "  As such, the issue is whether this "boilerplate" objection is sufficient to relieve WFNNB from its obligation to produce any of the requested materials.  Under applicable case law, these objections are insufficient.

General objections to discovery on grounds of vagueness are not proper. *Liquidometer Corp. v. Capital Airlines, Inc.*, 24 F.R.D. 319 (D.C. Del.1959).  Boilerplate objections such as these are discouraged by the rules, *See, St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, (N.D. IA 2000).    Further, generalized statements that a request is a vague and ambiguous are not helpful to the court.  Instead, such objections should be sufficiently specific to allow the court to understand the request is deficient. *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996); *see also*, *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996).  Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985). Simply stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Such non-specific objections are improper and will not be considered by the Court. See, e.g., *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable). Within this context, ambiguities which amount to unnecessary hairsplitting are

improper:

> The Court has reviewed the Defendant's "boilerplate" objections to Requests to Produce Five and Six. Inapposite to the Defendant's contentions, these requests are neither overbroad nor oppressive. To the contrary, it is Defendant's objections which are without merit, often making "hair splitting" distinctions. See 2. *Poole v. Textron, Inc.,* 192 F.R.D. 494, 499 (D.Md.2000) (discovery responses are improper if they are "disingenuous, hair splitting distinctions whose unarticulated goal is unfairly to burden an opposing party.") Therefore, the Defendant's objections to those requests are overruled and the Defendant must provide complete supplemental responses to each.

*Nester v. Poston*, 200 F.R.D. 268 (W.D.N.C.,2001).

In this case, Plaintiff's requests use ordinary and statutory terms that are well understood. WFNNB splits hairs and feigns ignorance when it claims to not understand the meaning of the terms. For example, RTP # 2 and 21 seek documents which contain Plaintiff's "identifiers." This term is used to mean a person's name, last known address, telephone and social security number or other items associated with a person and is well understood as such both inside and outside the world of consumer law. RTP # 22, 23, 25, 26, 27, 32 and 33 use the terms automated dialer, predictive dialer, artificial voice or prerecorded voice all of which are statutory terms or used in the regulations underlying the TCPA. 47 U.S.C. § 227 *et seq.* 47 C.F.R. 64.1200(a)(1); See also, FCC Declaratory Ruling 07-232. WFNNB's may not use artifice or feign ignorance to hide important documents and its objection should be overruled.

**4.**     **WFNNB has failed to support its claim of "overly broad," "undue burden" "harassing" and "oppressive" with sufficient information and evidence to evaluate the**

**claim.**

**Objection Asserted to**
**Requests for Production # 6, 7,[4] 13, 18, 19, 22, 23,  25, 26, 27, 29, 30, 31, 32, 33, 35, 36**.

WFNNB has claimed "undue burden" in response to nearly every one of Plaintiff's request for documents.  To voice a successful objection to a discovery request, an objecting party may not simply intone the familiar "overly broad,  burdensome, oppressive and irrelevant" litany.  The mere statement by a party that a discovery request is burdensome is not adequate to voice a successful objection to discovery.   *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1982).  See also *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). The objecting party must objectively support its claim. It  must demonstrate specifically how, given the liberal construction afforded the federal discovery rules, the  discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.   *Roesberg v. Johns-Manville Corp*., 85 F.R.D. 292, 296-97 (ED.PA 1980).  *See also,  Burns v. Image Films Entertainment*, 164 F.R.D. 589, 593 (WD NY, 1996).   Where there is a claim that the discovery sought is overburdening, the party making the claim must articulate with specificity the nature and costs associated with the claimed burden and why these are alleged to outweigh the goal of liberal discovery. *Marena v. Carrabba's Italian Grill*, 196 .R.D. 35 (Md. 2000).

The duty of establishing the propriety of an objection based on a claim that the request is unduly burdensome is on the objecting party.  *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (Kan. 1991); *see also*, *Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 353 (N.J. 1990); *G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J.1990); *Flora v. Hamilton*,

---

[4]  Plaintiff has limited its requests in RTP 6 & 7, as noted above.

81 F.R.D. 576 (M.D.N.C. 1978).   The objection must show with specificity how the discovery request is overly broad, burdensome, or oppressive and submit affidavits in support or offer evidence which reveals the nature of the burden. *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455 (D.D.C.,2002)*; Kooima v. Zacklift Intern., Inc.*, 209 F.R.D. 444 (D.S.D.,2002)*; Pro-Football, Inc. v. Harjo*, 191 F.Supp.2d 77, 80 (D.D.C.2002); *Chubb Integrated Sys. Ltd. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.C. 1984); *see also*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42-43 (S.D.N.Y. 1984); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979); *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991); *Natural Resources Defense Council v. Curtis*, 189 F.R.D. 4, 13 (D.D.C.1999); *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 191 (D.D.C.1998).   Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa.).   Where there is a claim that the discovery sought is overburdening, the party making the claim must articulate with specificity the nature and costs associated with the claimed burden and why these are alleged to outweigh the goal of liberal discovery. *Marena v. Carrabba's Italian Grill*, 196 .R.D. 35 (Md. 2000).

The "mere" fact that discovery requires work and may be time consuming is not sufficient to establish undue burden. *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991); *see also*, *Luey v.Sterling Drug, Inc.*, 240 F. Supp. 632, 634-35 (W.D. Mich. 1965); *United States v. Nysco Labs.*, 26 F.R.D. 159, 161-62 (E.D.N.Y. 1960).

## WFFNB's Claim of Undue Burden as to
## Manuals and Policies and Procedures is Unsupported

In this case, WFNNB Network National Bank has objected to nearly every one of Plaintiff's requests for production on the grounds of over breadth and/or undue burden including such requests as documents evidencing communications with the Plaintiff (RTP 13 & 19 ) and manuals for its automated dialing systems and its applicable policies and procedures.   The objection is unaccompanied by any explanation or evidence of the burden.  Rather, WFNNB has simply intoned the objection and left the Plaintiff with no evidence.   The only documents that WFNNB has provided to date is  its collection log which is so steeped in coding as to render it meaningless and screen shots blotted with redactions.  While WFNNB claims its conduct was neither intentional or wilful, notwithstanding policies designed to avoid error,  it has produced nothing in regard to its policies and procedures by which Plaintiff can evaluate that claim and its other claims.

## WFFNB's Claim of Undue Burden as to
## Complaints and Settlements is Unsupported

WFNNB also objects to producing copies of other complaints and settlements filed against on grounds of undue or equal burden.  But claims that documents are part of the public record do not mean the burden is equal between the parties.  *Meyer v. Southern Pacific Lines*, 199 F.R.D. 610, 615 (N.D.Ill.2001)  In fact the opposite is true.  Mr. Harris is not a party to those cases, he has no knowledge of the forum where those complaints have been filed and WFNNB seeks to force upon the Plaintiff the burden of sifting through every state, federal court and regulatory agency to find the complaints information.  On the other hand, WFNNB as the party to lawsuits and settlements involving TCPA and the MCPA claims, is in possession of the material requested and its claim of undue burden should be rejected.  Furthermore, it is unlikely that settlement agreements are part of the public record and WFNNB's claim that they are is unsupported by a declaration or affidavit.

WFNNB's further claim that it  will suffer undue burden because disclosure of complaints and agreements would induce WFNNB to breach the terms of a settlement agreement should also be rejected on the same grounds has no support from an affidavit or declaration. (And even if it did, such a claim is not a valid basis for withholding the information.  *See Bohannon v. Honda Motor Co., Ltd*., 127 F.R.D. 536, 540 (D. Kan. 1989; that plaintiff may have a contractual, legal obligation not to reveal confidential information of Zep is not a valid objection to the requested discovery.)  WFNNB's conclusory, boilerplate objections lack any support by way of declaration or affidavit and thus should be overruled.

5.      **The Discovery Requests Are Not Subject to a Properly Asserted Privilege**

**Objection Asserted to**
**Requests for Production #16, 47, 48, 49.**

Under Rule 26(b)(5), a party who withholds documents based upon the assertion of a privilege must provide a privilege log. *Protective Nat. Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 285 at (fn.3). This document is required to be prepared when documents are withheld in order to allow the court and the requesting party the opportunity to challenge the assertion. *Massachusetts Sch. of Law v. American Bar Ass'n*, 914 F. Supp. 1172 (E.D. Pa. 1996). If the respondent decides to withhold any document as privileged, they are required to identify and describe the documents in sufficient detail to enable the other party to contest the claim.  *Id.*   To that end, Fed. R. Civ. Proc. 26(b)(5) requires that the party objecting on the basis of privilege provide a "privilege log" which describes the general nature of the document, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the documents present location, and the specific reason or reasons it was withheld. *Protective Nat. Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 285 at (fn.3).The procedure applies to documents withheld on the basis of work product privilege. 6 *Moore's Federal Practice*, §§ 26.90[1] (Matthew

Bender 3d ed.)(footnotes omitted).

A party asserting that information is protected from disclosure based upon attorney-client privilege must specify which information and documents were privileged and for what reasons, and therefore they did not meet requirements of rules of civil procedure. *Paulsen v. Case Corp.*, 168 F.R.D. 285 (C.D. Cal.1996). The privilege claim is strictly confined within the narrowest possible limits since it is in derogation of the plaintiff's right to evidence. *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000).

In this case, WFNNB has asserted the attorney client privilege (RTP # 16) and the work product privilege (RTP # 47 & 48) without providing a privilege log. As such, Plaintiff has no means of discovering the type of information withheld or challenging the privilege. WFNNB's objection should be overruled and WFNNB ordered to produce the documents; alternatively, this Court should order the Defendant to publish a privilege log describing the documents that it has withheld as required by Rule 26(b)(5).

6.   **Defendant Must Produce Materials Which Are Improperly Withheld as "Confidential."**

**Defendant Has Failed to Meet Its Burden Regarding Claims of Confidentiality, Trade Secrets, Proprietary Documents**

**Objection Asserted to**
**Requests for Production # 18, 22, 23, 24, 25, 26, 27, 29, 34, 37, 38.**

In this case, WFNNB Network National Bank has withheld a multitude of documents based on an assertion of confidentiality. Rule 26 of the Federal Rules of Civil Procedure permits courts to issue a protective order, if justice requires and to protect individuals from "annoyance, embarrassment, oppression, or undue burden or expense" Fed. R. Civ. P. 26(c). The burden of establishing good cause for a protective order rests with the moving party. *See*, *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). "To show good cause, a moving party

for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) (citations omitted).

There is no absolute privilege for trade secrets or similar confidential information. *Federal Open Market Comm. of Federal Reserve Sys. v. Merrill*, 443 U.S. 340, 362, 61 L. Ed. 2d 587, 99 S. Ct. 2800 (1979); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir.1981). A party may not simply agree to make documents available, but place restrictions on that offer which – in its unilateral judgment – it regards as being reasonable compliance with discovery. *Wagner v. Dryvit Sys.*, 208 F.R.D. 606 at 612. *(Citing, See, Laker Airways Ltd. v. Pan American World Airways*, 103 F.R.D. 42, 45-6 (D.C.D.C. 1984)). Many cases have recognized that the public has a "common-law right of access" to judicial records. E.g., *Nixon v. Warner Comm., Inc.*, 435 U.S. at 59799; *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994) (identifying "strong presumption of public access to court records"). Accordingly, the party asserting a privilege and resisting discovery has the burden of establishing the existence of the privilege. Fed. R. Civ. P. 26(b)(5); *Duffy v. Dier*, 465 F.2d 416, 418 (8th Cir. 1972); *National Union Fire Insurance Company of Pittsburgh v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D.Kan.1994). Blanket assertions of privilege are insufficient to satisfy this burden. *National Union Fire*, 159 F.R.D. at 567.See also, Zapata v. IBP, Inc., 160 F.R.D. 625, 627 (D. Kan. 1995) (quoting Koster v. Chase Manhattan Bank, 93 F.R.D. 471, 480 (S.D. N.Y. 1982)) (internal quotations omitted).

The moving party must also make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16, 68 L. Ed. 2d 693, 101 S. Ct. 2193 (1981).

WFNNB has withheld documents on the grounds of confidential trade secret/proprietary documents in response to no less than eleven of Plaintiff's requests for documents. It makes this claims for items as innocuous as its TCPA training policies and procedures (RTP # 30), autodialing procedures (RTP # 25), and its TCPA compliance documents (RTP# 31). It even claims the script for its artificial voice prerecorded calling system is a "trade secret" (RTP# 29) - - when it has affirmatively pushed its message into the public realm via its telephonic communications. WFNNB fails to support any of its objections with even a claim that it will suffer a clearly defined and serious injury from the release of such information - - let alone made the requisite showing under Rule 26 that it has good cause for protection. In light of the strong common law right of public access and WFNNB's utter lack of showing of any harm in production, WFNNB's objections should be overruled.

**7.**    **Defendant's Objection under Rule 26 is Improper**

**Objection Asserted to**
**Requests for Production # 28 &  49**

WFNNB objected to two of Plaintiff's requests for production on grounds that they inconsistent with Rule 26. But it failed to provide any detail whatsoever describing its claim. Objections should be sufficiently specific to allow the court to understand the request is deficient. *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996); *see also*, *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996). Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985). WFNNB has failed to identify in any manner the means by which Plaintiff's discovery requests are inconsistent with Rule 26. It has failed to support its objection with sufficient detail and its boilerplate objections should be overruled.

8.    **Plaintiff is entitled to Complete Unredacted Documents Responsive to his Production Requests**

**Objection Asserted to**
**Requests for Production # 3, 4, 5, 6, 7, 10, 11, 12, 14, 15, 17, 19, 20 and 21**

Finally, WFNNB's responses to an entire series of Plaintiff's document requests is made by reference to documents that are coded and redacted to the extent they are completely indecipherable (See for example documents in Exhibit 4). As discussed above, WFNNB has tendered a series of boilerplate and meaningless objections to withhold documents. It has also used these same objections to redact the documents it has provided to such an extent that they are reduced to a meaningless pile of paper. In so doing, WFNNB has effectively thwarted the fact finding process. As shown above, Plaintiff's request for relevant, discoverable information has been met with baseless and conclusory objections. These objections should be overruled and WFNNB compelled to provide complete, unredacted documents that are responsive to Plaintiff's requests.

## Conclusion

*In sum, WFNBB has truly sought to game the discovery process by hiding important and meaningful facts and witnesses. WFNNB's failure to produce responsive documents is indicative of the disingenuousness nature of these responses and the only conclusion can be that its responses are designed only to hide the ball and increase the cost to Plaintiff of prosecuting his claims. WFNNB's objections are improper and must be overruled.*

Having demonstrated that the materials requested are discoverable, and WFNNB Network National Bank has not provided those materials, Mr. Harris requests that this Honorable Court enter the an order compelling discovery.

Respectfully Submitted,


By:  s/ Julie A. Petrik
Julie A. Petrik (P-47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Dan Harris
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
JuliePetrik@Att.Net

Dated: April 2, 2011