# EXHIBIT 2

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

DAN HARRIS,
     Plaintiff,

-vs-
                              Case No. 10-14867
                              Hon. Sean F. Cox

WORLD FINANCIAL NETWORK NATIONAL BANK,
     Defendants.

## <u>PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO<br>WORLD FINANCIAL NETWORK NATIONAL BANK</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Dan Harris requests that World Financial Network National Bank ("World Financial") produce within (30) days, the documents herein described. This request is intended to cover all documents in possession of the World Financial, or subject to his custody and control, regardless of location.

Unless otherwise stated in the request, the documents sought are limited to those used or created within the preceding two years.

"**You**", or "**Your**" refers to **World Financial Network National Bank** the company, and/or its predecessors, entities, institutions, agencies, subsidiary(ies), parent corporation(s) and/or any of its or their branches, departments, employees, agents, contractual affiliates, or other persons connected by legal relationship, in the broadest sense, and any of your sister companies, affiliate companies, independent contractors or related entities and their connected companies, whether or not separately incorporated.

The term "**underlying account**" means the account or matter about which you placed telephone calls to ▓(810) 610-▓▓▓.

1

**"Document(s)"** has the same meaning as understood in the Federal Rules of Civil Procedure.

"**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* and associated regulations, 47 C.F.R. 16.1200. *et seq.*

1.    **PRODUCE:** All documents relating to Plaintiff.

2.    **PRODUCE:** All documents which contain any of Plaintiff's identifiers including his phone number, ██████████.

3.    **PRODUCE:** All documents relating to the underlying account.

4.    **PRODUCE:** The collection log and or telephone log on the underlying account.

5.    **PRODUCE:** A copy of every report which your account collection software is capable of producing relating to the underlying account. For purposes of this request, account collection software includes any proprietary or third party collection software. If possible, please produce these documents in PDF searchable format.

6.    **PRODUCE:** Each and every document that refers to any instance in which you dialed any telephone number for Plaintiff, including ██████████ or caused a telephone of Plaintiff to ring, including, but not limited to, the pages from your long distance carrier's statement related to such call and the pages of such statement showing the carrier's name, account

2

number, and any contact information.

7.     **PRODUCE**: Each and every bill, billing statement, invoice, calling summary, or list of calls prepared, compiled or received by you that refers to any telephone call placed to or received from telephone number ███████████ at any time in the two years preceding the complaint.

8.     **PRODUCE**: Each and every recording made or approved by you of any conversation or call to (███████████.

9.     **PRODUCE**: Any document bearing Plaintiff's telephone number, including ███████████.

10.    **PRODUCE**: A copy of every screen shot which your account collection software is capable of producing relating to calls to ███████████, Plaintiff, the underlying account, or any number associated with the underlying account or the collection thereof. If possible, please produce these documents in PDF searchable format.

11.    **PRODUCE**: A copy of every report which your account collection software is capable of producing relating to calls to ███████████, Plaintiff or any number associated with the underlying account. For purposes of this request, account collection software includes any proprietary or third party collection software. If possible, please produce these documents in PDF searchable format.

3

12.     **PRODUCE**: A copy of every report which you or any third party on your behalf is capable of producing relating to autodialing efforts directed to ██████████, Plaintiff or any number associated with the underlying account. If possible, please produce these documents in PDF searchable format.

13.     **PRODUCE**: All documents involving or constituting communications between you and Plaintiff.

14.     **PRODUCE**: All documents involving or constituting communications between you and the underlying account holder or his/her agent.

15.     **PRODUCE**: All documents constituting your entire credit file, collection file and investigation file relating to the underlying account.

16.     **PRODUCE**: All electronic documents which contain the phrase "Harris" or "Lyngklip" or "Petrik."

17.     **PRODUCE**: Any document you intend to rely on to establish that Mr. Harris consented to be called at ██████████

18.     **PRODUCE**: All policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for retention, dissemination or disposal of account data

4

or collection file data, during each of the preceding five years.

19.     **PRODUCE**: All documents evidencing telephone messages, recorded calls, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff.

20.     **PRODUCE**: All documents evidencing telephone messages, recorded calls, log books or other regularly maintained records by you which contain information about communications between you and the underlying account holder or his/her agent.

21.     **PRODUCE**: Any consumer report of Plaintiff or bearing any of Plaintiff's personal identifiers.

22.     **PRODUCE**: Any manuals for any automated dialing systems which you have used during to collect any debt within the preceding 3 years.

23.     **PRODUCE**: Any manuals for any artificial voice or pre recorded voice messaging systems which you have used during the to collect any account within the preceding 3 years.

24.     **PRODUCE**: Any manuals for any call auditing or tracking system (hardware or software) which you have used to collect any debt within the preceding 3 years.

25.     **PRODUCE:** Any policy, procedure or practice relating to the use of any autodialer system used by you within the preceding 5 years.

26.     **PRODUCE:** Any programming guidelines, routines or instructions used to determine the frequency, times, or dates of calls placed by your autodialer system used by you within the preceding 3 years.

27.     **PRODUCE:** Any policy, procedure or practice relating to the use of artificial or pre recorded voice messaging system used by you within the preceding 5 years.

28.     **PRODUCE:** Any ACA Fastfax relating to the TCPA including but not limited to Fastfax 1252, 1253, 1300 and 9515.

29.     **PRODUCE:** Any telephone scripts, conversation directions, talk offs, decision trees, or other similar materials used to instruct your employees or agents in how to conduct collection calls with account holders.

30.     **PRODUCE:** All material, including videos, power point or presentations, webinars, online training or audio tapes, pertaining to training by or for you and its employees regarding the TCPA. This request is limited to manuals that were applicable at the time of the acts alleged in the complaint.

6

31.   **PRODUCE:**   Any manuals, bulletins, memoranda or other documents establishing procedures or practices in avoiding violations of the TCPA in the course of conducting collection calls with account holders. This request is limited to manuals that were applicable at the time of the acts alleged in the complaint.

32.   **PRODUCE:**   All manuals for any software used by you to program or maintain any predictive dialer or automated dialer. This request is limited to manuals that were applicable at the time of the acts alleged in the complaint.

33.   **PRODUCE:**   All manuals for any software used by you to program or maintain any artificial voice or prerecorded voice messaging systems. This request is limited to manuals that were applicable at the time of the acts alleged in the complaint.

34.   **PRODUCE:** Any script or template for any artificial or prerecorded voice system used by you when you telephoned ███████████.

35.   **PRODUCE:**   Copies of any complaints – whether filed in a court of law or with any regulatory agency –  filed against you alleging violations of the TCPA the Michigan Collection Practices Act, or any similar state law.

36.   **PRODUCE:**   Copies of any settlements of complaints – whether filed in a court of law or with any regulatory agency – where you  resolved claims of collection harassment or

collection abuse under the TCPA, MCPA or similar state law.

37.     **PRODUCE:** Any bulletin, manual, memoranda or other document which establishes any procedure promulgated by you to prevent the violations of the TCPA or the MCPA alleged by Plaintiff.

38.     **PRODUCE:** Any bulletin, manual, memoranda or other document which establishes compliance with any procedure promulgated by you to prevent the violations of the TCPA and the MCPA alleged by Plaintiff.

39.     **PRODUCE:**  Any document providing definitions or interpretations of any abbreviations, codes, or employee ID numbers which are contained in any of the other documents which you produce.

40.     **PRODUCE:**  Any insurance policies in place at the time of the incidents at issue in the complaint or currently, covering you for violation of the TCPA, MCPA or any comparable state law.

41.     **PRODUCE:**  Any application for insurance (or renewal) coverage relating to any policy in place at the time of the incidents at issue in the complaint or currently, covering you for violation of the TCPA, MCPA or any comparable state law.

42.   **PRODUCE**:  Any consumer reports concerning the Plaintiff to this action which were obtained by you or on your behalf.

43.   **PRODUCE**:   Any skip trace, asset identification, or location identification reports concerning Plaintiff which were obtained by you or on your behalf.

44.   **PRODUCE**:  All documents identified your Rule 26 disclosures or any supplements.

45.   **PRODUCE**:  Any other documentary evidence that relates to the claims against you in this lawsuit.

46.   **PRODUCE**: All documents and/or correspondence in your, or your attorney's, possession that refers to or relates to any fact(s) which may be relevant in this lawsuit excluding letters between you and your attorney.

47.   **PRODUCE**:  Any documentary evidence that relates to your affirmative defenses in this lawsuit.

48.   **PRODUCE**:  Any other documentary evidence that you may produce at trial.

49.   **PRODUCE**:  Copies of any document you may use to impeach the credibility of any of Plaintiff's proposed witnesses.

9

Respectfully Submitted,

By: _____
Julie A. Petrik (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Dan Harris
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075

Dated: January 11, 2011

### Certificate of Service

I hereby certify that on January 11, 2011, I served this document on the following parties:

| Party | Manner Served |
|---|---|
| Charity Olson | US Mail |
| Olson Law Group | |
| 106 E. Liberty, Suite 206 | |
| Ann Arbor, MI  48104 | |

Respectfully Submitted,

By: _____
Julie A. Petrik (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Dan Harris
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075

Dated: January 11, 2011

10