# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

DANIEL D. HARRIS,

              Plaintiff,                      Case No. 2:10-cv-14867

v.                                        Hon. Sean F. Cox

WORLD FINANCIAL NETWORK
NATIONAL BANK,

              Defendant.

| | |
|---|---|
| JULIE A. PETRIK (P47131) | CHARITY A. OLSON (P68295) |
| Lyngklip & Associates Consumer Law Center, PLC | Olson Law Group |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 24500 Northwestern Highway, Ste 206 | 106 E. Liberty, Suite 206 |
| Southfield, MI 48075 | Ann Arbor, MI 48104 |
| (248) 208-8864 | (734) 222-5179 |
| juliepetrik@att.net | colson@olsonlawpc.com |

## WFNNB RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

Defendant, World Financial Network National Bank ("WFNNB") through its attorneys, Olson Law Group, hereby responds to Plaintiff's Request for Production to World Financial Network National Bank.

## PRELIMINARY OBJECTION

WFNNB objects to Plaintiff's purported definitions of words and phrases contained in this discovery set and, more, specifically, Plaintiff's broad definition of "You" and "Your" to mean, "World Financial Network National Bank the company, and/or its predecessors, entities, institutions, agencies, subsidiary(ies), parent corporation(s) and/or any of its or their branches, departments, employees, agents, contractual affiliates, or other persons connected by legal relationship, in the broadest sense, and any of your sister companies, affiliate companies,

1

independent contractors or related entities and their connected companies, whether or not separately incorporated." WFNNB objects to this definition to the extent it is inconsistent with the ordinary and customary meaning of such words and phrases and/or the rules governing the permissible scope of discovery.

Subject to and without waiving this objection, WFNNB responds as follows:

1.    **PRODUCE:** All documents relating to Plaintiff.

To the extent this Request to Produce is understood to seek documents related to Daniel D. Harris, WFNNB is not aware of any documents, besides the pleadings of record, responsive to this request.

2.    **PRODUCE:** All documents which contain any of Plaintiff's identifiers including his phone number, ▓▓▓▓▓▓▓

WFNNB objects to this Request to Produce to the extent the term "identifiers" is not defined, therefore, rendering this Request vague, ambiguous and incapable of a meaningful response.

WFNNB further objects to this Request to Produce to the extent it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this action.

Subject to and without waiving these objections, Daniel D. Harris was not the intended recipient of calls made to telephone number ▓▓▓▓▓▓ Accordingly, telephone number ▓▓▓▓▓▓ was never "identified" with Daniel D. Harris. WFNNB otherwise refers Plaintiff to the call records produced herein.

3.    **PRODUCE:** All documents relating to the underlying account.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this action.

Subject to and without waiving these objections, WFNNB directs Plaintiff to the call records and other documentation reflecting WFNNB's calls to telephone number ▓▓

2



4.    **PRODUCE**: The collection log and or telephone log on the underlying account.

WFNNB objects to this Request to Produce insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this action.

Subject to and without waiving these objections, WFNNB directs Plaintiff to the call records and other documentation reflecting WFNNB's calls to telephone number ███████.

5.    **PRODUCE**: A copy of every report which your account collection software is

capable of producing relating to the underlying account.  For purposes of this request, account

collection software includes any proprietary or third party collection software.  If possible, please

produce these documents in PDF searchable format.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this action.

Subject to and without waiving these objections, WFNNB directs Plaintiff to the call records and other documentation reflecting WFNNB's calls to telephone number ███████.

6.    **PRODUCE**:  Each and every document that refers to any instance in which you

dialed any telephone number for Plaintiff, including ████████ or caused a telephone of

Plaintiff to ring, including, but not limited to, the pages from your long distance carrier's

statement related to such call and the pages of such statement showing the carrier's name,

account number, and any contact information.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this

3

matter.

WFNNB objects to this Request to Produce because it is overly broad, unduly burdensome, harassing and costly. Alliance Data Systems Corporation, the parent corporation to WFNNB, maintains over 50 office facilities worldwide utilizing numerous providers and thousands of telephone lines, the vast majority of which have no relation, whatsoever, to the telephone calls at issue in this matter. Accordingly, this Interrogatory, on its face, places an undue burden on WFNNB to search for, identify and disclose information that has no bearing on the claims or defenses in this case.

WFNNB objects to this Request to Produce to the extent the request is overbroad, unduly burdensome and seeks information that is in Plaintiff's possession, custody or control, specifically, records of calls to telephone number ▓▓▓▓▓▓.

Subject to and without waiving these objections, WFNNB directs Plaintiff to the call log(s) pertaining to WFNNB's calls to telephone number ▓▓▓▓▓▓ as well as the account documentation containing telephone number ▓▓▓▓▓▓ Plaintiff has, otherwise, refused to provide WFNNB with any "other" numbers that belong to him.

7.   **PRODUCE**: Each and every bill, billing statement, invoice, calling summary, or list of calls prepared, compiled or received by you that refers to any telephone call placed to or received from telephone number ▓▓▓▓▓▓ at any time in the two years preceding the complaint.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB objects to this Request to Produce because it is overly broad, unduly burdensome, harassing and costly. Alliance Data Systems Corporation, the parent corporation to WFNNB, maintains over 50 office facilities worldwide utilizing numerous providers and thousands of telephone lines, the vast majority of which have no relation, whatsoever, to the telephone calls at issue in this matter. Accordingly, this Interrogatory, on its face, places an undue burden on WFNNB to search for, identify and disclose information that has no bearing on the claims or defenses in this case.

WFNNB objects to this Request to Produce to the extent the request is overbroad, unduly burdensome and seeks information that is in Plaintiff's possession, custody or control, specifically, records of calls to telephone number ▓▓▓▓▓▓.

Subject to and without waiving these objections, WFNNB directs Plaintiff to the call log(s) pertaining to WFNNB's calls to telephone number ▓▓▓▓▓▓ as well as the

account documentation containing telephone number ▓▓▓▓▓▓▓▓    Plaintiff has, otherwise, refused to provide WFNNB with any "other" numbers that belong to him.

      8.     **PRODUCE:**  Each and every recording made or approved by you of any conversation or call to ▓▓▓▓▓▓▓.

    WFNNB is not aware of any recordings responsive to this Request to Produce.

      9.     **PRODUCE:** Any document bearing Plaintiff's telephone number, including (810) 610-1233.

    WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

    WFNNB further objects to this Request to Produce insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this action.

    Subject to and without waiving these objections, WFNNB directs Plaintiff to the call records and other documentation reflecting WFNNB's calls to telephone number ▓▓▓▓▓▓▓.

      10.     **PRODUCE:** A copy of every screen shot which your account collection software is capable of producing relating to calls to ▓▓▓▓▓▓▓ Plaintiff, the underlying account, or any number associated with the underlying account or the collection thereof.  If possible, please produce these documents in PDF searchable format.

    WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

    WFNNB further objects to this Request to Produce insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this action.

    Subject to and without waiving these objections, WFNNB directs Plaintiff to the call records and other documentation reflecting WFNNB's calls to telephone number ▓▓▓

5

███████.

11.     **PRODUCE**: A copy of every report which your account collection software is
capable of producing relating to calls to ████████, Plaintiff or any number associated with
the underlying account.  For purposes of this request, account collection software includes any
proprietary or third party collection software.   If possible, please produce these documents in
PDF searchable format.

> WFNNB objects to this Request to Produce to the extent the information sought is neither
> relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this
> matter.
>
> WFNNB further objects to this Request to Produce insofar as it seeks the impermissible
> disclosure of confidential and private consumer financial information regarding a non-
> party to this action.
>
> Subject to and without waiving these objections, WFNNB directs Plaintiff to the call
> records and other documentation reflecting WFNNB's calls to telephone number ████
> ██████.

12.     **PRODUCE**: A copy of every report which you or any third party on your behalf
is capable of producing relating to autodialing efforts directed to ████████, Plaintiff or any
number associated with the underlying account.   If possible, please produce these documents in
PDF searchable format.

> WFNNB objects to this Request to Produce to the extent the information sought is neither
> relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this
> matter.
>
> WFNNB further objects to this Request to Produce insofar as it seeks the impermissible
> disclosure of confidential and private consumer financial information regarding a non-
> party to this action.
>
> Subject to and without waiving these objections, WFNNB directs Plaintiff to the call
> records and other documentation reflecting WFNNB's calls to telephone number ████
> ██████.

13.    **PRODUCE**: All documents involving or constituting communications between you and Plaintiff.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB objects to this Request to Produce because it is overly broad, unduly burdensome, harassing and costly. Alliance Data Systems Corporation, the parent corporation to WFNNB, maintains over 50 office facilities worldwide utilizing numerous providers and thousands of telephone lines, the vast majority of which have no relation, whatsoever, to the telephone calls at issue in this matter. Accordingly, this Interrogatory, on its face, places an undue burden on WFNNB to search for, identify and disclose information that has no bearing on the claims or defenses in this case.

WFNNB objects to this Request to Produce to the extent the request is overbroad, unduly burdensome and seeks information that is in Plaintiff's possession, custody or control, specifically, records of calls to telephone number ▇▇▇▇▇▇▇▇

Subject to and without waiving these objections and to the extent this Request to Produce is understood as seeking documents related to "communications" directed to Daniel D. Harris, WFNNB has no documents responsive to this request. To the extent this Request to Produce seeks documents related to WFNNB's calls to ▇▇▇▇▇▇▇▇, WFNNB directs Plaintiff to the call records and other documentation reflecting such calls.

14.    **PRODUCE**: All documents involving or constituting communications between you and the underlying account holder or his/her agent.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this action.

Subject to and without waiving these objections, WFNNB directs Plaintiff to the call records and other documentation reflecting WFNNB's calls to telephone number ▇▇▇▇▇▇▇▇

15.    **PRODUCE**: All documents constituting your entire credit file, collection file and

7

investigation file relating to the underlying account.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this action.

Subject to and without waiving these objections, WFNNB directs Plaintiff to the call records and other documentation reflecting WFNNB's calls to telephone number ▆▆▆ ▆▆▆▆▆▆.

16.    **PRODUCE**:  All electronic documents which contain the phrase "Harris" or "Lyngklip" or "Petrik."

Besides privileged attorney-client communications to and/or from WFNNB's legal counsel - the requested production of which is wholly, and quite obviously, improper - WFNNB is not aware of any documents, besides the pleadings, responsive to this Request to Produce.

17.    **PRODUCE**: Any document you intend to rely on to establish that Mr. Harris consented to be called at ▆▆▆▆▆▆▆▆.

WFNNB objects to this Request to Produce insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this matter.

Subject to and without waiving this objection, WFNNB's records reflect that the non-party, account holder consented to being called at ▆▆▆▆▆▆▆▆

18.    **PRODUCE**:  All policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for retention, dissemination or disposal of account data or collection file data, during each of the preceding five years.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's manuals without regard to whether such materials are related in any way to the claims or defenses in this matter and/or were in use by WFNNB during the relevant time period.

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

19.   **PRODUCE:** All documents evidencing telephone messages, recorded calls, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB objects to this Request to Produce because it is overly broad, unduly burdensome, harassing and costly. Alliance Data Systems Corporation, the parent corporation to WFNNB, maintains over 50 office facilities worldwide utilizing numerous providers and thousands of telephone lines, the vast majority of which have no relation, whatsoever, to the telephone calls at issue in this matter. Accordingly, this Interrogatory, on its face, places an undue burden on WFNNB to search for, identify and disclose information that has no bearing on the claims or defenses in this case.

WFNNB objects to this Request to Produce to the extent the request is overbroad, unduly burdensome and seeks information that is in Plaintiff's possession, custody or control, specifically, records of calls to telephone num███████████████.

Subject to and without waiving these objections and to the extent this Request to Produce is understood as seeking documents related to "communications" directed to Daniel D. Harris, WFNNB has no documents responsive to this request. To the extent this Request to Produce seeks documents related to WFNNB's calls to ██████████████, WFNNB directs Plaintiff to the call records and other documentation reflecting such calls.

20.   **PRODUCE:** All documents evidencing telephone messages, recorded calls, log

books or other regularly maintained records by you which contain information about

communications between you and the underlying account holder or his/her agent.

    WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

    WFNNB further objects to this Request to Produce insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this action.

    Subject to and without waiving these objections, WFNNB directs Plaintiff to the call records and other documentation reflecting WFNNB's calls to telephone number ███████ ████████.

21.    **PRODUCE**: Any consumer report of Plaintiff or bearing any of Plaintiff's

personal identifiers.

    WFNNB objects to this Request to Produce to the extent the term "identifiers" is not defined, therefore, rendering this Request vague, ambiguous and incapable of a meaningful response.

    WFNNB further objects to this Request to Produce to the extent it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this action.

    Subject to and without waiving these objections, Daniel D. Harris was not the intended recipient of calls made to telephone number ███████████ ██. Accordingly, telephone number ███████████ was never "identified" with Daniel D. Harris. WFNNB otherwise refers Plaintiff to the call records produced herein.

22.    **PRODUCE**: Any manuals for any automated dialing systems which you have

used during to collect any debt within the preceding 3 years.

    WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

    WFNNB further objects to this Request to Produce as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's manuals without regard to whether such materials are related in any way to

the claims or defenses in this matter and/or were in use by WFNNB during the relevant time period.

WFNNB objects to this Request to Produce because the phrase "automoted dialing systems" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

23.    **PRODUCE**: Any manuals for any artificial voice or pre recorded voice messaging systems which you have used during the to collect any account within the preceding 3 years.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's manuals without regard to whether such materials are related in any way to the claims or defenses in this matter and/or were in use by WFNNB during the relevant time period.

WFNNB objects to this Request to Produce because the phrase "artificial voice or pre recorded voice messaging systems" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

11

24.    **PRODUCE**: Any manuals for any call auditing or tracking system (hardware or software) which you have used to collect any debt within the preceding 3 years.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's manuals without regard to whether such materials are related in any way to the claims or defenses in this matter and/or were in use by WFNNB during the relevant time period.

WFNNB objects to this Request to Produce because the phrase "call auditing or tracking system (hardware or software)" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

25.    **PRODUCE**: Any policy, procedure or practice relating to the use of any autodialer system used by you within the preceding 5 years.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's manuals without regard to whether such materials are related in any way to the claims or defenses in this matter and/or were in use by WFNNB during the relevant time period.

WFNNB objects to this Request to Produce because the phrase "autodialer system" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

12

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

26.     **PRODUCE:** Any programming guidelines, routines or instructions used to determine the frequency, times, or dates of calls placed by your autodialer system used by you within the preceding 3 years.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's manuals without regard to whether such materials are related in any way to the claims or defenses in this matter and/or were in use by WFNNB during the relevant time period.

WFNNB objects to this Request to Produce because the phrase "autodialer system" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

27.     **PRODUCE:** Any policy, procedure or practice relating to the use of artificial or pre recorded voice messaging system used by you within the preceding 5 years.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's manuals without regard to whether such materials are related in any way to the claims or defenses in this matter and/or were in use by WFNNB during the relevant

13

time period.

WFNNB objects to this Request to Produce because the phrase "artificial or pre recorded voice messaging system" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

28.     **PRODUCE:** Any ACA Fastfax relating to the TCPA including but not limited to

Fastfax 1252, 1253, 1300 and 9515.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.  WFNNB also objects to this Request to Produce to the extent it seeks to impose production duties on WFNNB that are inconsistent with Fed. R. Civ. Proc. 26.

29.     **PRODUCE:**  Any telephone scripts, conversation directions, talk offs, decision

trees, or other similar materials used to instruct your employees or agents in how to conduct

collection calls with account holders.

WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Request to Produce as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's collection materials without regard to whether such materials are related in any way to the claims or defenses in this matter and/or were in use by WFNNB during the relevant time period.

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

30.     **PRODUCE:**  All material, including videos, power point or presentations,

webinars, online training or audio tapes, pertaining to training by or for you and its employees

14

regarding the TCPA. This request is limited to manuals that were applicable at the time of the

acts alleged in the complaint.

> WFNNB objects to this Interrogatory to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

> Specifically, the Request to Produce appears, on its face, to seek production of any material, whatsoever, in the possession of WFNNB which pertains to the TCPA without regard to whether the materials are relevant, in any way, to the claims or defenses at issue in this litigation rendering the Request to Produce overly broad and unduly burdensome.

> Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

31.    **PRODUCE:** Any manuals, bulletins, memoranda or other documents

establishing procedures or practices in avoiding violations of the TCPA in the course of

conducting collection calls with account holders. This request is limited to manuals that were

applicable at the time of the acts alleged in the complaint.

> WFNNB objects to this Interrogatory to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

> Specifically, the Request to Produce appears, on its face, to seek production of any material, whatsoever, in the possession of WFNNB which pertains to the TCPA without regard to whether the materials are relevant, in any way, to the claims or defenses at issue in this litigation rendering the Request to Produce overly broad and unduly burdensome.

> Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

32.    **PRODUCE:** All manuals for any software used by you to program or maintain

any predictive dialer or automated dialer. This request is limited to manuals that were applicable

15

at the time of the acts alleged in the complaint.

> WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

> WFNNB further objects to this Request to Produce as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's manuals without regard to whether such materials are related in any way to the claims or defenses in this matter and/or were in use by WFNNB during the relevant time period.

> WFNNB objects to this Request to Produce because the phrase "predictive dialer or automated dialer" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

> WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

33.    **PRODUCE:**  All manuals for any software used by you to program or maintain any artificial voice or prerecorded voice messaging systems.  This request is limited to manuals that were applicable at the time of the acts alleged in the complaint.

> WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

> WFNNB further objects to this Request to Produce as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's manuals without regard to whether such materials are related in any way to the claims or defenses in this matter.

> WFNNB objects to this Request to Produce because the phrase "artificial voice or prerecorded voice messaging systems" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

> WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

34.    **PRODUCE:** Any script or template for any artificial or prerecorded voice system used by you when you telephoned ███████████.

16

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

35.    **PRODUCE:** Copies of any complaints – whether filed in a court of law or with any regulatory agency – filed against you alleging violations of the TCPA the Michigan Collection Practices Act, or any similar state law.

> WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

> WFNNB further objects to this Request to Produce as overly broad and unduly burdensome because it seeks information pertaining to any and all lawsuits filed under the cited statutes without regard to whether such lawsuits are related, in any way, to the claims or defenses plead in this matter case and improperly asks and induces WFNNB to breach the terms of one or more settlement agreements. Additionally, the filing information sought is public record and, thus, the burden to obtain the requested is substantially the same for both parties.

36.    **PRODUCE:** Copies of any settlements of complaints – whether filed in a court of law or with any regulatory agency – where you resolved claims of collection harassment or collection abuse under the TCPA, MCPA or similar state law.

> WFNNB objects to this Request to Produce to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

> WFNNB further objects to this Request to Produce as overly broad and unduly burdensome because it seeks information pertaining to any and all lawsuits filed under the cited statutes without regard to whether such lawsuits are related, in any way, to the claims or defenses plead in this matter case and improperly asks and induces WFNNB to breach the terms of one or more settlement agreements. Additionally, the filing

17

information sought is public record and, thus, the burden to obtain the requested is substantially the same for both parties.

37.    **PRODUCE**: Any bulletin, manual, memoranda or other document which establishes any procedure promulgated by you to prevent the violations of the TCPA or the MCPA alleged by Plaintiff.

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

38.    **PRODUCE**: Any bulletin, manual, memoranda or other document which establishes compliance with any procedure promulgated by you to prevent the violations of the TCPA and the MCPA alleged by Plaintiff.

WFNNB further objects to this Request to Produce because it seeks confidential, trade secret and/or proprietary documents.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

39.    **PRODUCE**:  Any document providing definitions or interpretations of any abbreviations, codes, or employee ID numbers which are contained in any of the other documents which you produce.

WFNNB has no documents responsive to this Request to Produce.

40.    **PRODUCE**: Any insurance policies in place at the time of the incidents at issue in the complaint or currently, covering you for violation of the TCPA, MCPA or any comparable

18

state law.

WFNNB has no documents responsive to this Request to Produce.

41.    **PRODUCE**:  Any application for insurance (or renewal) coverage relating to any policy in place at the time of the incidents at issue in the complaint or currently, covering you for violation of the TCPA, MCPA or any comparable state law.

WFNNB has no documents responsive to this Request to Produce.

42.    **PRODUCE**:  Any consumer reports concerning the Plaintiff to this action which were obtained by you or on your behalf.

WFNNB has no documents responsive to this Request to Produce.

43.    **PRODUCE**:  Any skip trace, asset identification, or location identification reports concerning Plaintiff which were obtained by you or on your behalf.

WFNNB has no documents responsive to this Request to Produce.

44.    **PRODUCE**:  All documents identified your Rule 26 disclosures or any supplements.

WFNNB objects to this Request to Produce as premature to the extent the parties have not yet made disclosures pursuant to Fed. R. Civ. Proc 26 and discovery has just commenced.

Subject to and without waiving these objections, WFNNB will make such disclosures  in accordance with the Court's Scheduling Order and will supplement this response accordingly.

45.    **PRODUCE**:  Any other documentary evidence that relates to the claims against you in this lawsuit.

WFNNB objects to this Request to Produce as premature to the extent the parties have not yet made disclosures pursuant to Fed. R. Civ. Proc 26 and discovery has just commenced.

19

Subject to and without waiving these objections, WFNNB will make such disclosures in accordance with the Court's Scheduling Order and will supplement this response accordingly.

46.    **PRODUCE:** All documents and/or correspondence in your, or your attorney's, possession that refers to or relates to any fact(s) which may be relevant in this lawsuit excluding letters between you and your attorney.

See documentation produced herein.

47.    **PRODUCE:** Any documentary evidence that relates to your affirmative defenses in this lawsuit.

To the extent this request seeks attorney work product, including disclosure of the mental impressions, conclusions, opinions, legal theories or trial strategy of WFNNB's counsel, this Request to Produce is improper and, therefore, objectionable. See, for e.g., *Hickman v. Taylor*, 329 U.S. 495 (1947). Otherwise, Plaintiff is directed to the documentation produced herein. WFNNB will supplement this response if and as appropriate during discovery in this matter.

48.    **PRODUCE:** Any other documentary evidence that you may produce at trial.

To the extent this request seeks attorney work product, including disclosure of the mental impressions, conclusions, opinions, legal theories or trial strategy of WFNNB's counsel, this Request to Produce is improper and, therefore, objectionable. See, for e.g., *Hickman v. Taylor*, 329 U.S. 495 (1947).

WFNNB further objects to this Request to Produce insofar as discovery has just commenced and, thus, this Request to Produce is premature. WFNNB will abide by the Court's Scheduling Order in this matter.

49.    **PRODUCE:** Copies of any document you may use to impeach the credibility of any of Plaintiff's proposed witnesses.

To the extent this request seeks attorney work product, including disclosure of the mental impressions, conclusions, opinions, legal theories or trial strategy of WFNNB's counsel, this Request to Produce is improper and, therefore, objectionable. See, for e.g., *Hickman v. Taylor*, 329 U.S. 495 (1947).

20

WFNNB also objects to this Request to Produce to the extent it seeks to impose production duties on WFNNB that are inconsistent with Fed. R. Civ. Proc. 26.

Respectfully Submitted,

/s/ Charity A. Olson
CHARITY A. OLSON (P68295)
Olson Law Group
Attorney for Defendant
106 E. Liberty, Suite 206
Ann Arbor, MI 48104
(734) 222-5179
Date: March 7, 2011             colson@olsonlawpc.com

## PROOF OF SERVICE

I, Charity A. Olson, state that on March 7, 2011 I served the foregoing Responses to Plaintiff's First Request for Production upon counsel of record via U.S. First Class Mail.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
Olson Law Group
Attorney for Defendant
106 E. Liberty, Suite 206
Ann Arbor, MI 48104
(734) 222-5179
colson@olsonlawpc.com

21