# **EXHIBIT 5**

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JENNIFER RYON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:10-cv-961 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| REGENT ASSET MANAGEMENT ) | |
| SOLUTIONS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

This is a civil action brought pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. Plaintiff's claims arise from telephone calls allegedly placed by an agent of defendant Regent Asset Management Solutions, Inc. to collect a debt from plaintiff in September 2010. In addition to naming Regent Asset Management Solutions, Inc., plaintiff's complaint names as a defendant Michael Anthony Scata, who is alleged to own, operate, and manage Regent. (Compl. ¶ 5). The complaint alleges that both Regent and Mr. Scata are debt collectors as that term is defined in the Fair Debt Collection Practices Act. (*Id.* ¶¶ 4-5). Defendant Regent has defaulted. Defendant Scata admits that he is the president of Regent and is licensed as the agency owner-manager of the company for purposes of debt collection in Michigan, but denies that he is a debt collector within the meaning of the federal Act. (Ans. ¶ 5). Scata's answer either denies the material allegations of the complaint or it lacks knowledge as to their truth or falsity.

Presently pending before the court is Scata's motion under Fed. R. Civ. P. 26(c) for a protective order. The motion is directed to discovery requests served by plaintiff on January 29, 2011 (attached as Exhibit A to defendant's brief, docket # 13-1). As grounds for relief, defendant asserts that (a) plaintiff's discovery requests are "boilerplate" and are not directed to the claims or defenses in this matter, and (b) plaintiff's discovery requests have been tendered for an improper purpose, namely, to coerce a settlement. Plaintiff has filed a response to the motion. Upon review of the submissions of the parties, the court concludes that oral argument would not be helpful. *See* W.D. MICH. LCIVR 7.3(d). For the reasons set forth below, defendant's motion for protective order will be denied.

Rule 26(c) of the Federal Rules of Civil Procedure empowers the court to enter a protective order, for good cause, to protect a party from annoyance, embarrassment, oppression, o undue burden or expense. "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). "'To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements.'" *Id.* (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence. *See Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550-51 (6th Cir. 2004); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003); *see also Arvco Container Corp. v. Weyerhaeuser Co.*, 1:08-cv-548, 2009 WL 311125, at * 5 (W.D. Mich. Feb. 9, 2009) (collecting cases).

Defendant Scata's first assertion -- that the discovery requests are not directed to the claims and defenses in this matter -- does not withstand scrutiny. Plaintiff's discovery requests

consist of 10 interrogatories, 38 one-sentence requests for admission, and 46 requests for production of documents.  Each of the discovery requests appears to be tailored to the principal issues in this case, including the telephone calls upon which plaintiff bases her claim and Mr. Scata's status as a debt collector.  It may be that one or more of the discovery requests is over broad or otherwise objectionable, but the burden of demonstrating any such insufficiency lies with defendant.  Defendant's blunderbuss attack on all plaintiff's discovery requests, without attempting to answer any of them, amounts to a refusal to participate in the discovery process altogether.  Defendant has not demonstrated that the discovery requests are unduly burdensome and has advanced no reason why he should not be required to respond to the discovery requests, divulging such information as is within his possession, custody, or control and specifically objecting to particular questions because of their scope or burden.

        Defendant's second ground for relief -- that the discovery requests have been tendered for an improper purpose -- requires little discussion.  Defendant apparently disagrees with the decision of Congress to pass the Fair Debt Collection Practices Act and considers it a nuisance. Congress has determined that individuals may indeed be liable as debt collectors under the Act, depending on their personal involvement with corporate debt collections.  15 U.S.C. § 1692a(6). Individual corporate officers who materially participate in the activities of a debt collection agency may incur personal liability, even though they may not have participated in the particular debt collection effort at issue in the case.  *See Kistner v. Law Offices of Michael P. Margelefski, LLC*, 518 F.3d 433, 437-38 (6th Cir. 2008).  Defendant's assertion that he is being pursued in order to coerce payment from the defaulted corporate defendant is far-fetched.  This case involves Mr. Scata's

personal liability, and plaintiff is entitled to reasonable discovery in an effort to prove her case. Accordingly:

        IT IS ORDERED that defendant Scata's motion for protective order (docket # 12) be and hereby is DENIED.

        IT IS FURTHER ORDERED that defendant Michael Anthony Scata shall answer plaintiff's discovery requests served January 29, 2011, no later than **April 8, 2011**.

        DONE AND ORDERED this 23rd day of March, 2011.

        /s/ Joseph G. Scoville
        United States Magistrate Judge