# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DANIEL D. HARRIS,

        Plaintiff,                         Case No. 2:10-cv-14867

v.                                       Hon. Sean F. Cox

WORLD FINANCIAL NETWORK
NATIONAL BANK,

        Defendant.

| JULIE A. PETRIK (P47131) | CHARITY A. OLSON (P68295) |
|---|---|
| Lyngklip & Associates Consumer Law Center, PLC | Olson Law Group |
| Attorneys for Plaintiff | Attorneys for WFNNB |
| 24500 Northwestern Highway, Ste 206 | 106 E. Liberty, Suite 206 |
| Southfield, MI 48075 | Ann Arbor, MI 48104 |
| (248) 208-8864 | (734) 222-5179 |
| juliepetrik@att.net | colson@olsonlawpc.com |

**WFNNB's RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Defendant, World Financial Network National Bank ("WFNNB") through its attorneys, Olson Law Group, hereby responds to Plaintiff's Interrogatories to World Financial Network National Bank.

**PRELIMINARY OBJECTIONS**

WFNNB objects to Plaintiff's Interrogatories for the reason that the total number of interrogatories exceed the limitations set forth in Fed. R. Civ. Proc. 33(a). Rule 33(a) provides, in relevant part, "Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number **including** all discrete subparts." (emphasis added). Plaintiff's Interrogatories exceed 25 in number inclusive of all discrete subparts.

1

WFNNB further objects to Plaintiff's purported definitions of words and phrases contained in this discovery set and, more, specifically, Plaintiff's broad definition of "You" and "Your" to mean, "World Financial Network National Bank the company, and/or its predecessors, entities, institutions, agencies, subsidiary(ies), parent corporation(s) and/or any of its or their branches, departments, employees, agents, contractual affiliates, or other persons connected by legal relationship, in the broadest sense, and any of your sister companies, affiliate companies, independent contractors or related entities and their connected companies, whether or not separately incorporated." WFNNB objects to this definition to the extent it is inconsistent with the ordinary and customary meaning of such words and phrases and/or the rules governing the permissible scope of discovery.

Subject to and without waiving these objections, WFNNB responds as follows:

1.  **INTERROGATORY**: Identify each and every person having knowledge of facts or having formed any opinions relating to any of the events or allegations underlying this lawsuit or any defense to it. Your answer should include each of your employees or agents who have been identified in the answers to these interrogatories, whose names or employee identifications appear in any documents produced by you, or who handled or supervised any matters in connection with any of your communications with Mr. Harris.

    **RESPONSE:**

    **WFNNB objects to this Interrogatory as premature insofar as the parties have not yet exchanged their respective initial disclosures pursuant to Fed. R. Civ. Proc 26 and have just commenced formal, written discovery.**

    **Subject to and without waiving this objection, among those persons believed to have knowledge of the facts in this matter or having formed opinions relating to the events or allegations underlying this lawsuit, including WFNNB's defenses, are Daniel D. Harris c/o Lyngklip & Associates Consumer Law Center, PLC and Andrea K. Dent c/o undersigned counsel.**

2. **INTERROGATORY**: For each person identified in your responses to these interrogatories or in your disclosures under Rule 26, please state whether that person has personal knowledge of the facts, events or circumstances of any communication with Plaintiff or involvement with any credit disputes that were investigated or resolved. If that person has such personal knowledge, please set forth the foundation for that personal knowledge and a description of the facts.

**RESPONSE:**

WFNNB objects to this Interrogatory as premature insofar as the parties have not yet exchanged their respective disclosures pursuant to Fed. R. Civ. Proc 26.

Subject to and without waiving this objection, Andrea K. Dent has personal knowledge of WFNNB's business records, policies and procedures and the claims and defenses at issue in this matter.

3. **INTERROGATORY**: For the two years preceding the Complaint, please identify and describe each and every communication to or from you to any person concerning any account associated with the Plaintiff and/or any communication made by you or through you to telephone number (810) 610-1233. In providing the identification, state the date and time of the call, the true name of the individual or computer system initiating the call, the phone number from which the call was initiated, the identity of the telecommunications service provider whose service was used to carry the call, and whether the call was initiated by you and if so whether it was initiated by an autodialing system. In describing the call, please state whether any part of the communication was made using a prerecorded or artificial voice, the content of the call, whether any portion of the call was captured by electronic means, the purpose of the call, and identify the underlying account holder about which the call was related.

**RESPONSE:**

3

WFNNB objects to this Interrogatory to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB objects to this Interrogatory insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this matter.

WFNNB objects to this Interrogatory to the extent the request is overly broad, unduly burdensome and seeks information that is in Plaintiff's possession, custody or control, specifically, records of calls to telephone number ▓▓▓▓▓▓▓▓.

WFNNB objects to this Interrogatory because the phrase "associated with" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

Subject to and without waiving these objections, WFNNB has no information regarding accounts associated with Plaintiff because no such accounts exist. Regarding WFNNB's calls to telephone number ▓▓▓▓▓▓▓▓, WFNNB refers Plaintiff to the call records produced herein.

4. **INTERROGATORY**: Please identify each location where you engage in telephone collection operations. These locations should include any address where you or your systems initiate collection calls whether manually or by autodialer, call centers, data processing centers, and business offices. For each such location, please also provide a description of the activities that go on at that location and the identity of any of your staff that are identified elsewhere in these interrogatories who perform job duties at that location as well as any telephone numbers that are associated with that location.

**RESPONSE:**

WFNNB objects to this Interrogatory to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB objects to this Interrogatory because the phrase "telephone collection operations" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

4

WFNNB further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information regarding *each* of WFNNB's business locations without regard to the relevant time period and/or whether such locations were involved in the calls to telephone number (810) 610-1233. Alliance Data Systems Corporation, the parent corporation to WFNNB, maintains over 50 office facilities worldwide, the vast majority of which have no relation, whatsoever, to the telephone calls at issue in this matter. Accordingly, this Interrogatory, on its face, places an undue burden on WFNNB to search for, identify and disclose information that has no bearing on the claims or defenses in this case.

5. **INTERROGATORY**: For each document provided by you which was stored and produced from electronically stored information, identify the computer hardware and software used to store and/or retrieve the document, the system administrator responsible for maintaining the system, and the individual who retrieved the document from the document.

**RESPONSE:**

WFNNB objects to this Interrogatory to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB objects to this Interrogatory because the phrase "computer hardware and software" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

Subject to and without waiving these objections, WFNNB's confidential and proprietary account software is developed and maintained internally. The documentation provided herein was accessed, retrieved and/or produced by Andrea Dent.

6. **INTERROGATORY**: For each entry in your collection log which records calls made to (810) 610-1233 or any communication to Plaintiff, which is coded or transcribed in shorthand, give a complete description of the nature of the events reflected by the entry, including, time, date, person or system responsible for the event, how the event was recorded, what occurred, and the triggering event for the occurrence.

**RESPONSE:**

5

WFNNB objects to this Interrogatory insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this matter.

WFNNB objects to this Interrogatory to the extent the information sought can be ascertained from the documents produced herein.

Subject to and without waiving these objections, WFNNB has no information regarding "communication to Plaintiff." WFNNB's calls to telephone number (810) 610-1233, WFNNB refers Plaintiff to the call records produced herein.

7. **INTERROGATORY**: Identify all witnesses and documents upon which you will rely to establish that Plaintiff consented to be called at (810) 610-1233.

**RESPONSE:**

WFNNB objects to this Interrogatory insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this matter.

Subject to and without waiving this objection, WFNNB's records reflect that the non-party, account holder consented to being called at (810) 610-1233.

8. **INTERROGATORY**: Identify your source for all your contact and identifying information relating to Plaintiff, including Plaintiff's phone number. In making the identification, indicate the source of information, the type of information your received and the date on which you received it and the form in which you received it.

6

RESPONSE:

WFNNB objects to this Interrogatory insofar as it seeks the impermissible disclosure of confidential and private consumer financial information regarding a non-party to this matter.

Subject to and without waiving this objection, WFNNB does not have information relating to Plaintiff. Answering further, telephone number (810) 610-1235 was provided to WFNNB by the non-party, account holder at the time the account(s) were opened.

9. **INTERROGATORY**: Identify each telephone number and service provider including address and contact phone number, for every telephone number which has been used by you in the preceding 3 years to collect accounts. Include service providers who provide VOIP services which are used to initiate or receive telephonic communications.

RESPONSE:

WFNNB objects to this Interrogatory to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB objects to this Interrogatory because it is overly broad, unduly burdensome, harassing and costly. Alliance Data Systems Corporation, the parent corporation to WFNNB, maintains over 50 office facilities worldwide utilizing numerous providers and thousands of telephone lines, the vast majority of which have no relation, whatsoever, to the telephone calls at issue in this matter. Accordingly, this Interrogatory, on its face, places an undue burden on WFNNB to search for, identify and disclose information that has no bearing on the claims or defenses in this case.

10. **INTERROGATORY**: Please identify by name or title, each and every manual used by you to assure compliance with the TCPA and state collection practices acts, including the MCPA, including each available manual for the software systems you use to manage your account collection efforts and any autodialing software.

RESPONSE:

WFNNB objects to this Interrogatory to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB further objects to this Interrogatory as overly broad, unduly burdensome, harassing, oppressive and costly because as it seeks information pertaining to all of WFNNB's manuals without regard to whether such materials are related in any way to the claims or defenses in this matter and/or were in use by WFNNB during the relevant time period.

WFNNB objects to this Interrogatory because the phrases "software systems," "account collection efforts" and "autodialing software" are not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

WFNNB further objects to this Interrogatory because it seeks confidential, trade secret and/or proprietary documents.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter,to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

11. **INTERROGATORY**: For each person identified in your disclosures given pursuant to F.R.Civ.P. 26(a) or to be designated under F.R.Civ.P. Rule 30(b)(6), identify the case number, court action, and counsel of record of any case in which that individual has offered trial or deposition testimony.

**RESPONSE:**

WFNNB objects to this Interrogatory as premature to the extent the parties have not yet made disclosures pursuant to Fed. R. Civ. Proc 26 and discovery has just commenced.

Subject to and without waiving these objections, WFNNB will make such disclosures in accordance with the Court's Scheduling Order and will supplement this response accordingly.

12. **INTERROGATORY**: Identify by name, description and date, each document which you have withheld based on an assertion of confidentiality or trade secrecy.

**RESPONSE:**

8

**WFNNB objects to this Interrogatory as premature to the extent discovery has just commenced.**

**WFNNB objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information that is not related in any way to the claims or defenses in this matter.**

13.  **INTERROGATORY**: By forum, case number, amount of any settlement or judgment and party name, each lawsuit which you have defended in the past three years involving allegations of violations of the TCPA and/or the MCPA.

**RESPONSE:**

**WFNNB objects to this Interrogatory to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.**

**WFNNB further objects to this Interrogatory as overly broad and unduly burdensome because it seeks information pertaining to any and all lawsuits filed under the cited statutes without regard to whether such lawsuits are related, in any way, to the claims or defenses plead in this matter case and improperly asks and induces WFNNB to breach the terms of one or more settlement agreements. Additionally, the filing information sought is public record and, thus, the burden to obtain the requested is substantially the same for both parties.**

14.  **INTERROGATORY**: Identify any third party to which you have outsourced or with which you have contracted to provide services on your behalf relating to communications to Plaintiff. Please include automatic telephone dialing system companies and companies providing artificial and/or pre recorded messaging services.

**RESPONSE:**

**Insofar as WFNNB's communications were not directed at Plaintiff, WFNNB is not aware of any information responsive to this request.**

15.  **INTERROGATORY**: Identify and describe each publication, journal, magazine, newsletter, bulletin, course materials, email, or manual in the possession of your managers which addresses compliance with the TCPA, the MCPA or comparable state laws.

**RESPONSE:**

WFNNB objects to this Interrogatory as overly broad, unduly burdensome, harassing, oppressive and/or costly because as it seeks information pertaining to materials in the possession of WFNNB's "managers," which is not a defined term, making this Interrogatory incapable of a meaningful response.

WFNNB objects to this Interrogatory to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter. Specifically, the Interrogatory appears on its face to seek identification of any document, whatsoever, in the possession of WFNNB's employees pertaining to the TCPA and/or MCPA without regard to whether the cited materials are germane to the claims or defenses at issue, much less, the relevant time period implicated in the Complaint.

Subject to and without waiving these objections, WFNNB will produce responsive documentation pertaining to the claims and/or defenses in this matter, to the extent such documentation exists and can be identified, and/or permit inspection and copying of such materials upon entry of an appropriate protective order.

16. **INTERROGATORY**: Describe the business rules used to initiate calls from your autodialer system.

**RESPONSE:**

WFNNB objects to this Interrogatory to the extent the information sought is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

WFNNB objects to this Interrogatory because the term "business rules" is not defined rendering this Interrogatory vague, ambiguous and incapable of a meaningful response.

WFNNB objects to this Interrogatory as overly broad and unduly burdensome insofar as it purports to seek all documentation pertaining to WFNNB's autodialer system without regard to whether such information is germane to the claims or defenses at issue in this matter and, more specifically, the calls to telephone number ███████

10

Respectfully Submitted,

/s/ Charity A. Olson
CHARITY A. OLSON (P68295)
Olson Law Group
Attorney for Defendant
106 E. Liberty, Suite 206
Ann Arbor, MI 48104
(734) 222-5179
colson@olsonlawpc.com

Dated: March 7, 2011

## PROOF OF SERVICE

I, Charity A. Olson, state that on March 7, 2011, I served the foregoing Responses to Plaintiff's Interrogatory Requests upon counsel of record via U.S. First Class Mail.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
Olson Law Group
Attorney for Defendant
106 E. Liberty, Suite 206
Ann Arbor, MI 48104
(734) 222-5179
colson@olsonlawpc.com

11