UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN- SOUTHERN DIVISION

DANIEL D. HARRIS,

    Plaintiff,

v.

WORLD FINANCIAL NETWORK
NATIONAL BANK, ALLIANCE DATA
SYSTEMS CORP., ALLIED DATA
SYSTEMS,

    Defendants.

Case No.: 2:10-cv-14867
District Judge Sean F. Cox
Magistrate Judge Mark A. Randon

| JULIE A. PETRIK (P47131) | CHARITY A. OLSON (P68295) |
|---|---|
| Lyngklip & Associates | Olson Law Group |
| Consumer Law Center, PLC | Attorneys for WFNNB and Alliance |
| Attorneys for Plaintiff | 106 E. Liberty, Suite 206 |
| 24500 Northwestern Highway, Suite 206 | Ann Arbor, MI  48104 |
| Southfield, MI 48075 | Tel: 732-222-5179 |
| Tel: 248-208-8864 | colson@olsonlawpc.com |
| juliepetrik@att.net | |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO FIRST AMENDED COMPLAINT

Defendants, World Financial Network National Bank ("WFNNB") and Alliance Data Systems Corp. ("Alliance") ("Defendants"), through their counsel, Olson Law Group, for their Answer and Affirmative Defenses to First Amended Complaint ("Complaint"), states as follows:

### Jurisdiction

1.    Defendants neither admit nor deny the allegations in Paragraph 1 of the Complaint for lack of information or sufficient belief and to the extent the allegations set forth conclusions of law for which no response is required.

**Parties**

2.  Defendants neither admit nor deny the allegations in Paragraph 2 of the Complaint for lack of information or sufficient belief.

3.  Defendants neither admit nor deny the allegations in Paragraph 3 and, more specifically, subparts a-d of the Complaint for lack of information or sufficient belief and for the reason the allegations set forth a legal conclusion for which no response is required except to admit that WFNNB conducts business in Michigan and that Alliance is the successor by merger and parent corporation to WFNNB.

**Venue**

4.  Defendants neither admit nor deny the allegations in Paragraph 4 of the Complaint for lack of information or sufficient belief.

5.  Defendants neither admit nor deny the allegations in Paragraph 5 of the Complaint for lack of information or sufficient belief and to the extent the allegations set forth a conclusion of law for which no response is required.

**General Allegations**

6.  Defendants neither admit nor deny the allegations in Paragraph 6 of the Complaint for lack of information or sufficient belief except to admit that WFNNB placed one or more calls to (810) 610-1233.

7.  Defendants neither admit nor deny the allegations in Paragraph 7 of the Complaint for lack of information or sufficient belief except to admit that WFNNB placed one or more calls to (810) 610-1233 on August 18, 2010.

8.  Defendants neither admit nor deny the allegations in Paragraph 8 of the Complaint for lack of information or sufficient belief because the term "automatic telephone

dialing system" is not defined, thereby, preventing admission or denial of the allegations as posed.  WFNNB does admit that it placed one or more calls to (810) 610-1233 using an auto dialer system.

      9.      Defendants neither admit nor deny the allegations in Paragraph 9 of the Complaint for lack of information or sufficient belief except to admit that WFNNB utilizes artificial or pre-recorded messages in conjunction with some, but not all, outgoing calls.

      10.      Defendants neither admit nor deny the allegations in Paragraph 10 of the Complaint for lack of information or sufficient belief except to deny that that the alleged message was directed at Plaintiff.

      11.      Defendants neither admit nor deny the allegations in Paragraph 11 of the Complaint for lack of information or sufficient belief.

      12.      Defendants neither admit nor deny the allegations in Paragraph 12 of the Complaint for lack of information or sufficient belief except to admit that WFNNB placed one or more calls to (810) 610-1233 during the relevant time period and to deny that WFNNB sought to collect a debt from Plaintiff at any time.

      13.      Defendants neither admit nor deny the allegations in Paragraph 13 of the Complaint for lack of information or sufficient belief except to admit that WFNNB placed one or more calls to (810) 610-1233 on August 18, 2010.

      14.      Defendants neither admit nor deny the allegations in Paragraph 14 of the Complaint for lack of information or sufficient belief except to admit that WFNNB utilizes artificial or pre-recorded messages in conjunction with some, but not all, outgoing calls.

15. Defendants neither admit nor deny the allegations in Paragraph 15 of the Complaint for lack of information or sufficient belief except to admit that WFNNB placed one or more calls to (810) 610-1233 from August 21 – September 4, 2010.

16. Defendants neither admit nor deny the allegations in Paragraph 16 of the Complaint for lack of information or sufficient belief except to admit that WFNNB placed one or more calls to (810) 610-1233 on August 21, 2010.

17. Defendants neither admit nor deny the allegations in Paragraph 17 of the Complaint for lack of information or sufficient belief except to admit that WFNNB placed one or more calls to (810) 610-1233 from October 4 – October 27, 2010.

18. Defendants neither admit nor deny the allegations in Paragraph 18 of the Complaint for lack of information or sufficient belief except to admit that WFNNB placed one or more calls to (810) 610-1233 during the relevant time period.

19. Defendants neither admit nor deny the allegations in Paragraph 19 of the Complaint for lack of information or sufficient belief except to admit that WFNNB utilizes artificial or pre-recorded messages in conjunction with some, but not all, outgoing calls.

20. Defendants neither admit nor deny the allegations in Paragraph 20 of the Complaint for lack of information or sufficient belief except to admit that WFNNB utilizes artificial or pre-recorded messages in conjunction with some, but not all, outgoing calls.

21. Defendants neither admit nor deny in Paragraph 21 of the Complaint for lack of information or sufficient belief except to deny that WFNNB sought to collect a debt from Plaintiff at any time.

22.     Defendants neither admit nor deny the allegations in Paragraph 22 of the Complaint for lack of information or sufficient belief except to deny that Plaintiff was the intended recipient of such calls.

23.     Defendants neither admit nor deny the allegations in Paragraph 23 of the Complaint for lack of information or sufficient belief.

24.     Defendants neither admit nor deny the allegations in Paragraph 24 of the Complaint for lack of information or sufficient belief.

25.     Defendants deny the allegations in Paragraph 25 as untrue.

26.     Defendants neither admit nor deny the allegations in Paragraph 26 of the Complaint for lack of information or sufficient belief except to deny that it sought to collect any such debt from Plaintiff.

27.     Defendants deny the allegations in Paragraph 27 in the manner and form alleged as untrue.

28.     Defendants neither admit nor deny the allegations in Paragraph 28 of the Complaint for lack of information or sufficient belief.

29.     Defendants admit the allegations in Paragraph 29 of the Complaint.

30.     Defendants neither admit nor deny the allegations in Paragraph 30 of the Complaint for lack of information or sufficient belief except to deny that Defendants' actions violated the law.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint as untrue.

**COUNT I - Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200** *et seq.*

32.     Defendants incorporate their previous responses as if fully set forth herein.

33.     Defendants admit the allegations in Paragraph 33 of the Complaint.

34. Defendants neither admit nor deny the allegations in Paragraph 34 of the Complaint because they set forth a legal conclusion for which no response is required.

35. Defendants neither admit nor deny the allegations in Paragraph 35 of the Complaint for lack of information or sufficient belief.

36. Defendants neither admit nor deny the allegations in Paragraph 36 of the Complaint for lack of information or sufficient belief.

37. Defendants deny the allegations in Paragraph 37 of the Complaint as untrue.

38. Defendants deny the allegations in Paragraph 38 of the Complaint as untrue.

39. Defendants deny the allegations in Paragraph 39 of the Complaint as untrue.

40. Defendants deny the allegations in Paragraph 40 of the Complaint as untrue.

## COUNT II - Michigan Collection Practices Act

41. Defendants incorporate their previous responses as if fully set forth herein.

42. Defendants deny the allegations in Paragraph 42 of the Complaint as untrue.

43. Defendants deny the allegations in Paragraph 43 of the Complaint as untrue.

## Demand for Jury Trial

44. Defendants neither admit nor deny the allegations in Paragraph 44 of the Complaint because this paragraph contains no allegations against Defendants and, thus, no further response is required.

**WHEREFORE**, World Financial Network National Bank and Alliance Data Systems Corp., request that this Court: (a) dismiss Plaintiff's Complaint in its entirety; (b) award Defendants their fees and costs incurred in defense of these claims; and (c) grant such further and other relief as is just and proper.

Respectfully Submitted,

/s/Charity A. Olson
CHARITY A. OLSON (P68295)
Olson Law Group
Attorneys for WFNNB and Alliance
106 E. Liberty, Suite 206
Ann Arbor, MI  48104
Tel: (734) 222-5179
Fax: (866) 941-8712
Dated: April 4, 2011                    colson@olsonlawpc.com

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim or set forth facts upon which relief can be granted.

2. Plaintiff lacks legal standing to assert claims against Defendants pursuant to 47 U.S.C. §227(b) and/or MCL §445.251(d).

3. Plaintiff's TCPA claims are barred, in whole or in part, as provided for in 47 CFR 64.1200(a)(2)(iii) and (iv).

4. To the extent Defendants' conduct ran afoul of the law, such conduct was not intentional but was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error(s).

5. To the extent Defendants' conduct violated the law, such conduct was neither willful, nor intentional.

6. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by the acts and/or omissions of persons or entities over which Defendants had no control or authority.

7. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions.

8. Plaintiff has failed to mitigate his damages, if any.

9. Plaintiff's damages, if any, are speculative.

10. Plaintiff's claims may be precluded, in whole or in part, by consent, waiver, laches or unclean hands.

11. Defendants rely on all other exclusions and/or limitations of liability set forth in the TCPA and/or the MCPA.

12. Defendants reserve the right to amend and/or supplement these Affirmative Defenses as the bases for same are revealed during discovery, motion practice or otherwise.

                                                  Respectfully Submitted,

                                                  /s/Charity A. Olson
                                                  CHARITY A. OLSON (P68295)
                                                  Olson Law Group
                                                  Attorneys for Defendant
                                                  106 E. Liberty, Suite 206
                                                  Ann Arbor, MI  48104
                                                  Tel: (734) 222-5179
                                                  Fax: (866) 941-8712
Dated: April 4, 2011                            colson@olsonlawpc.com

*Proof of Service*

    I, Charity A. Olson, hereby state that on April 4, 2011, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                                      /s/Charity A. Olson
                                  CHARITY A. OLSON (P68295)
                                        Olson Law Group
                                  106 E. Liberty, Suite 206
                                    Ann Arbor, MI  48104
                                    Tel: (734) 222-5179
                                    Fax: (866) 941-8712
                                    colson@olsonlawpc.com