UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

DAN HARRIS
    Plaintiff

-vs-                                      Case No. 10-14867
                                            Hon. Sean F. Cox
                                            Magistrate Judge: Mark Randon

WORLD FINANCIAL NETWORK NATIONAL BANK
*et al.*
    Defendants

## MOTION TO COMPEL DISCLOSURES UNDER RULE 26(A)(i) BY WORLD FINANCIAL NETWORK NATIONAL BANK

For the reasons set forth in the accompanying brief in support, Plaintiff Dan Harris, brings this motion to compel disclosure by World Financial Net National Bank of the names of individuals likely to have discoverable information, the subject of information possessed by those individuals and their contact information.

                                            Respectfully Submitted,

                                            By: s/ Julie A. Petrik
                                            Julie A. Petrik (P-47131)
                                            LYNGKLIP & ASSOCIATES
                                            CONSUMER LAW CENTER, PLC
                                            Attorney For Dan Harris
                                            24500 Northwestern Highway, Ste. 206
                                            Southfield, MI 48075
                                            (248) 208-8864
                                            JuliePetrik@Att.Net

Dated: May 4, 2011

*Certification of Counsel*

      I certify that I have attempted to obtain the requested discovery without court action in good faith by conferring or attempting to confer with the attorney for the Respondent to this motion, and the requested relief and/or discovery has not been provided.

                                        By:  <u>s/ Julie A. Petrik</u>
                                        Julie A. Petrik (P-47131)
                                        LYNGKLIP & ASSOCIATES
                                        CONSUMER LAW CENTER, PLC
                                        Attorney For Dan Harris
                                        24500 Northwestern Highway, Ste. 206
                                        Southfield, MI 48075
                                        (248) 208-8864
                                        JuliePetrik@Att.Net

**<u>BRIEF IN SUPPORT OF
MOTION TO COMPEL DISCLOSURES UNDER RULE 26(A)(1) BY WORLD
FINANCIAL NETWORK NATIONAL BANK</u>**

**<u>Relief Sought</u>**

Dan Harris seeks an order compelling World Financial Network National Bank to disclose a) the names of individuals likely to have discoverable information, b) the subject of information possessed by those individuals c) their contact information.

**<u>Facts</u>**

This Court issued its Scheduling Order on March 10, 2011 (Docket 12).  WFNNB served its mandatory Rule 26(a)(1) disclosures on April 5, 2011 (Exhibit 2).  In its disclosures, WFNNB failed to provide the name, address and telephone number of all individuals likely to have discoverable information along with the subject of information.  Rather, WFNNB disclosed the name of only one individual, Andrea Dent, and failed to provide her contact information or the subject about which she had information.  WFNNB disclosed that it had other witnesses with information but identified them only as *"Representative, agents, employees and custodian of records of WFNNB, c/o*

*undersigned counsel."* (Exhibit 2). WFNNB has yet to disclose the names of its employees that spoke to Mr. Harris, its representative charged with developing its auto-dialing program and its policies and procedures, among other witnesses with information relevant to Mr. Harris claims and WFNNB's defense that the over 55 calls it placed to Mr. Harris were the result of a mistake.

On April 12, 2011, Mr. Harris, through his counsel requested that WFNNB provide more specific information about the identities of its witnesses so that it could tailor its discovery and start noticing depositions (Exhibit 3). To date, WFNNB has not supplemented its disclosures, provided any additional information, or any date by which it would provide any additional information (Exhibit 4).

While WFNNB continues to withhold information, the discovery period is expiring and Mr. Harris does not have the information necessary so that he may efficiently discover the information that is central to the claims and defenses in this case. Important dates to this issue under the Scheduling Order are:

*     June 8, 2011    deadline to submit witness lists;
*     June 8, 2011    deadline to issue written discovery;
*     July 8, 2011    close of discovery.

Accordingly, Mr. Harris files this motion to obtain the information necessary to facilitate discovery.

### Law and Argument

**1.**    **General Rule of Disclosure.**

The Federal Rules of Civil Procedure require that parties make mandatory disclosures under Rule 26(a) without awaiting a discovery request of individuals likely to have discoverable information and to identify documents it may use to support claims or defenses. Fed.R. Civ.P

26(A)(i).

> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed.R.Civ.P. 26(A)(i).

Rule 26(A)(i) requires that a party identify all individuals *likely* to have discoverable information, that person's address and phone numbers, along with the subject of information. The rule does not contemplate that only names will be disclosed. It is not sufficient to simply provide documents where the information may be found.

> Furthermore, we conclude that submitting exhibits attached to the complaint as well as other exhibits, which may include names and addresses of doctors employed by defendant Clinic, is insufficient to constitute compliance with Rule 26(a). Rule 26(a) requires disclosure of names and addresses of individuals likely to have discoverable information, a copy of all documents the disclosing party has in its possession to support its claims or defenses, and a computation of damages including documentary and other evidentiary material on which the computation is based. Simply pointing to a pile of documents hardly complies with this rule, even if the documents contain some of the information required by Rule 26(a).

*U.S. ex rel. Repko v. Guthrie Clinic, P.C.*, 2008 WL 2498282 (M.D.Pa.,2008).

Consistent with the plain language of this provision, a party may be compelled to produce the last known address and phone number of these persons with knowledge if it is not provided in the initial disclosures.

> FRCP 26, 33, and 34 articulate the bounds of authorized disclosures and discovery as relevant to this motion to compel. FRCP 26 requires that each party automatically disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses," Fed. R. Civ. Pro. 26(a)(1)(A)(I), "based on the information then reasonably available to it." Fed. R. Civ. Pro. 26(a)(2)(A). In discovery, parties similarly are required to inform opposing counsel of "the identity

and location of persons who know of any discoverable matter ." Fed. R. Civ. Pro. 26(b)(1). A disclosing party "may not satisfy this obligation by disclosing its business address and phone number unless it knows of no other address and number." *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D.Kan.1996) (emphasis added). FRCP 26, therefore, requires each party to make a good faith effort to obtain particularized address and telephone information for individuals relevant to the litigation.

*Fausto v. Crediggy Services Corp.*, 251 F.R.D. 427,429, 2008 WL 2441927 (N.D.Cal.,2008). This information does not fall within the scope of any recognized privilege which would shield the disclosures:

> The requirements of FRCP 26(a)(1)(A) are mandatory and can only be satisfied by production of each individual's address and phone number, not the attorney's address and phone number. See *Dixon v. Certainteed Corp.,* 164 F.R.D. 685 (D.Kansas 1996). Concern that witnesses will be contacted directly will not justify assertion of the attorney-client privilege to protect the addresses and phone numbers of witnesses, as the Court assumes that attorneys will abide by the ethical rules. See id. at 689. Thus Plaintiffs must comply with the rules governing mandatory disclosures and disclose the addresses and phone numbers of all individuals likely to have discoverable information relevant to the disputed facts of this case.

*Viveros v. Nationwide Janitorial Ass'n, Inc.,* 200 F.R.D. 681, 682 (N.D.Ga.,2000).

> Rule 26 (a)(1)(A)(i) specifically requires a party to disclose the name, address and telephone number "of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses...." It is not a good faith response to the obligation of a party under Rule 26(A)(1)(A)(i) to simply identify those "individuals" as corporate representatives, with no reference to the subject areas of their testimony, and then to identify their generic address as the address of defense counsel. To endorse such an approval would defeat the automatic disclosure intent of the Rule and impair the ability of the other party to prepare appropriate interrogatories to develop testimony of those potential witnesses.

*Lyon v. Bankers Life and Cas.* 2011 WL 124629 (D.S.D.,2011).

Likewise, it is not sufficient to simply identify the attorney's address as the contact location.

> Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party must, without awaiting a discovery request, provide to other parties the name and, if known, the addresses and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or

> defenses. In this case, Defendants provided the names of nine individuals who might have discoverable information in this case. The only address provided by the Defendant was that for the EEOC representative in Little Rock.FN1 It did not provide the addresses or telephone numbers for the remaining eight individuals. Rather, Defendants stated that these individual could be contacted through counsel. This is not sufficient. Rule 26(a)(1) requires that the disclosing party provide the address and telephone number of each listed individual likely to have discoverable information in the case. The Defendants has not complied with the requirements of Rule 26(a)(1). Therefore, Plaintiff's Motion to Compel in regards to this information should be granted. Defendants must provide the Plaintiff with the addresses and telephone numbers of the remaining eight individuals listed in their Initial Disclosures.

*Evans v. AutoZone Stores, Inc.*, 2007 WL 1140404 (W.D.Ark.,2007). In addition to the name and address, the defendant must provide a description of the witnesses' anticipated testimony:

> 1) Defendants' Motion to Compel (Dkt.# 11) shall be GRANTED. The Court finds that plaintiff has not complied with his initial disclosure obligations under Fed.R.Civ.P. 26(a)(1). First, although plaintiff has provided names, addresses, and phone numbers of individuals who are likely to have discoverable information, plaintiff has not identified "the subjects of the information." See Fed.R.Civ.P. 26(a)(1)(A). "The disclosing party should provide a brief description of the subject matter of the information each prospective witness has. It is not necessary to provide a detailed narrative of all the facts known to each witness; a brief description of the general topics of each witness' knowledge will suffice." 6-26 Moore's Federal Practice-Civil § 26.22[4][a] [ii].

*Tift v. Ball*, 2007 WL 3047228 (W.D.Wash.,2007).

Failure to disclose witness phone number renders disclosures inadequate and must be supplemented *Cleancut, LLC v. Rug Doctor*, 2009 WL 3400979 (D.Utah,2009).

In a recent case, Magistrate Judge Brenneman noted that remedial action is appropriate for a party's failure to properly disclose the identity of an individual at the time disclosures are required and assessed reasonable expenses and attorney fees against the withholding party. *Woods v Demmer Corporation*, 2010 WL 1531413 (W.D. Mich. 2010).

**2.     WFNNB Has Failed to Properly Identify Individuals with Discovery Information**

In this case, WFNNB has withheld the names and contact information of a whole host of

individuals - - refusing to identify them with any more specificity than as "*representatives, agents, employees and custodian of records of WFNNB.*"  WFNNB identified the name of only one individual but then withheld all means to contact her.

Mr. Harris served his discovery requests in January and WFNNB produced its responses, including its collection log[1] on March 7.  WFNNB certainly had the means to identify the collection agents who communicated with Mr. Harris by the time it made its disclosures in April - - if not the names of the other individuals who have information about WFNNB's calling policies, auto-dialing programming and artificial voice communications.

Full disclosure of names and contact information is necessary if Plaintiff's counsel is to contact witnesses and investigate information; and if necessary subpoena individuals for deposition and trial. The failure to provide this critical information places all means of access in the hands of Defense counsel who has no duty to produce witnesses. Likewise, by reserving the identities of individuals with information and all means of contact to itself, WFFNB effectively acts as a gatekeeper capable of filtering out information which is helpful to Plaintiff, and allowing access only to information which is helpful to the defense

The policy underlying Rule 26 demands that WFNNB make full disclosure of required information in order to allow Plaintiff access to witnesses and discoverable information. Simply put, WFNNB must make the disclosures required by Rule 26(a)(1) and there is no excuse for failing to identify witnesses and provide address and phone information if it is available.

---

[1] The collection log is the record of calls made by WFNNB to Mr. Harris. Collection logs generally contain information identifying employees that are involved in consumer communications, but the log provided by WFNNB was coded such that Mr. Harris could not identify the name or contact information of the agents with whom he spoke.

**Conclusion**

Having demonstrated that WFNNB has failed to provide required disclosures under Rule 26(a)(1), Mr. Harris requests that this Honorable Court enter an order compelling WFNNB to produce the names of individuals with discoverable information, along with subject of information and contact information.

Respectfully Submitted,

By:  s/ Julie A. Petrik
Julie A. Petrik (P-47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Dan Harris
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
JuliePetrik@Att.Net

Dated: May 4, 2011

**Certificate of Service**

I hereby certify that on May 4, 2011, I served this document on the following parties:

| Party | Manner Served |
|---|---|
| Charity Olson<br>Olson Law Group<br>106 E. Liberty, Suite 206<br>Ann Arbor, MI  48104 | Electronically via the CM/ECF System |

Respectfully Submitted,

By:  s/ Julie A. Petrik
Julie A. Petrik (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Dan Harris
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864

                                        JuliePetrik@Att.Net

Dated: May 4, 2011