# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

DANIEL D. HARRIS,

   Plaintiff,        Case No. 2:10-cv-14867

v.              Hon. Sean F. Cox

WORLD FINANCIAL NETWORK
NATIONAL BANK,

   Defendant.

| JULIE A. PETRIK (P47131) | CHARITY A. OLSON (P68295) |
|---|---|
| Lyngklip & Associates Consumer Law Center, PLC | Olson Law Group |
| Attorneys for Plaintiff | Attorneys for WFNNB and Alliance |
| 24500 Northwestern Highway, Ste 206 | 106 E. Liberty, Suite 206 |
| Southfield, MI  48075 | Ann Arbor, MI  48104 |
| (248) 208-8864 | (734) 222-5179 |
| juliepetrik@att.net | colson@olsonlawpc.com |

## DEFENDANTS' RULE 26(A)(1) DISCLOSURES

Defendants, World Financial Network National Bank ("WFNNB") and Alliance Data Systems Corp. ("Alliance") ("Defendants"), through their counsel, Olson Law Group, for their Fed. R. Civ. Proc. 26(a)(1) Initial Disclosures, states as follows:

  1. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

  (a) Daniel D. Harris c/o counsel. It is anticipated that Mr. Harris will provide information regarding communications with WFNNB.

  (b) Jacqueline Harris.  It is anticipated that this individual will provide information regarding Plaintiff's communications with WFNNB.

(c)     Representatives, agents, employees and the custodian of records of WFNNB c/o undersigned counsel, including but not limited to Andrea Dent.  It is anticipated that these individuals will provide information regarding communications to/from Plaintiff, WFNNB's business records regarding same and WFNNB's affirmative defenses in this matter.

(d)     Representatives, agents, employees and the custodian of records of Verizon Wireless. It is anticipated that these individuals will provide information regarding calls to/from Plaintiff.

(e)     Any persons or entities identified in Plaintiff's disclosures or any supplements thereto.

(f)     Defendants reserve the right to supplement these disclosures as new information is obtained through discovery consistent with the court rules.

2.     A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

(a)     Account History/Notes

(b)     Correspondence between Plaintiff and Defendants (if any)

(c)     Defendants' policies and procedures pertaining to wrong number contacts

(d)     (Defendants reserve the right to supplement these disclosures as new information is obtained through discovery consistent with the court rules.

3. A computation of any category of damages claimed by the disclosing party:

Not applicable at this time. Defendants reserve the right to supplement this response, if and as warranted, through discovery.

4. For Inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

None.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
Olson Law Group
Attorneys for Defendant
106 E. Liberty, Suite 206
Ann Arbor, MI  48104
(734) 222-5179
colson@olsonlawpc.com

Dated: April 5, 2011

## PROOF OF SERVICE

I, Charity A. Olson, state that on April 5, 2011, I served Defendant's Rule 26 Initial Disclosures upon counsel of record via U.S. First Class Mail and electronic mail.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
Olson Law Group
Attorneys for Defendant
106 E. Liberty, Suite 206
Ann Arbor, MI  48104
(734) 222-5179
colson@olsonlawpc.com