# EXHIBIT 3

# Lyngklip & Associates Consumer Law Center, PLC

Ian B. Lyngklip
Julie A. Petrik

*of Counsel*
Gary M. Victor
Leonard M. Bennett[†*]
Matthew J. Erausquin[†]

† Licensed in Virginia
* Licensed in North Carolina

24500 Northwestern Highway, Ste. 206, Southfield, MI 48075 ● (248) 208-8864

April 12, 2011

Charity Olson
Olson Law Group
106 E. Liberty, Suite 206
Ann Arbor, MI 48104

Re: **Harris v. World Financial Network National Bank**
**Eastern District of Michigan -- Southern Division**
**Case No. 10-14867**

Counsel:

  I am writing to request that you supplement your Rule 26 disclosures. We received those disclosures and found that did not meet the requirements of the rule. You identified one person from WFNNB, Andrea Dent, but failed to include her address, telephone number or subject of information. The identification of other WFNNB witnesses as you have done by category ("Representatives, agents, employees and custodian of records") is insufficient and renders us unable to identify which individuals have information relevant to the claims and defenses in this matter. Rule 26 requires that the name, address, telephone number and topic of information of each witness be provided.

> (1) Initial Disclosures.
> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

The discovery rules provide that parties must provide full disclosure of individuals who have discoverable information so that one party can not "game" the system and withhold relevant information. We are asking that you provide this as a supplemental disclosure in lieu of having my client file a motion to compel. Please consider this as our request for concurrence in such a motion for purposes of Rule 37(c).

Unless we have received your agreement in writing to provide these disclosures by Friday, April 15, 2011, we will file a motion to compel the production of those disclosures. Thank you for your anticipated cooperation.

Very truly yours,

Julie A. Petrik

ec: Dan Harris