# EXHIBIT 4



**Olson Law Group**

106 E. Liberty, Suite 206
Ann Arbor, MI  48104
Tel: (734) 222-5179
Fax: (866) 941-8712

April 13, 2011

<u>Sent Via U.S. First Class Mail and Email</u>

Julie A. Petrik, Esq.
Lyngklip & Associates
24500 Northwestern Highway
Suite 206
Southfield, MI  48075

      Re:    Harris v. WFNNB *et al.*
              Case No.: 2:10-cv-14867

Dear Ms. Petrik:

Please allow this letter to confirm receipt of your April 12th correspondence regarding my client's Fed. R. Civ. Proc. 26 ("FRCP 26") initial disclosures in the above referenced matter.

As you know, and notwithstanding all the "paper" that has already been generated by your office, we are in the beginning stages of discovery in this matter which runs through July 8, 2011.  While I appreciate your provision of selected excerpts from FRCP 26, both my client and I are well aware of our respective obligations under FRCP 26 which expressly contemplates supplementation if and as additional information becomes known to a disclosing party.

Significantly, I have taken the position, in motion practice and otherwise, that this matter involves a finite and relatively undisputed set of facts that are capable of being resolved, in whole or in part, through stipulations of fact.  Not surprisingly, your office has taken an entirely different position in this regard, i.e. that this matter involves a plethora of complicated factual disputes spanning various business departments, divisions and/or entities worldwide.  Given the fact that our positions and perhaps, motivations, regarding the scope of this matter dramatically differ, your suggestion that I am trying to "game" you is regrettable and without merit.

Nonetheless, I will happily supplement my disclosures in accordance with the letter and spirit of FRCP 26 and I presume that you will do the same.  In the interim, I trust the Court will provide us with appropriate guidance regarding the appropriate scope of discovery going forward.

Letter to J. Petrik
Dated: April 13, 2011


     Finally, a patently unreasonable settlement demand doesn't become any more reasonable because it is repeated over and over again.  I would very much like to secure a counter offer to present to you and/or your client for consideration.  That being said, if I've learned anything over the last few years, it is the fact that a non-viable counter offer (like an exorbitant settlement demand) is really no offer at all. My efforts at resolution will continue.

     Please feel free to contact me with any questions or concerns.


               Very truly yours,

               Charity A. Olson