UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

DAN HARRIS
    Plaintiff

-vs-                                                             Case No. 10-14867
                                                              Hon. Sean F. Cox
                                                              Magistrate Judge: Mark Randon

WORLD FINANCIAL NETWORK NATIONAL BANK
*et al.*
    Defendants.

## RULE 37 MOTION TO ENFORCE DISCOVERY ORDER

For the reasons set forth in the brief below, Mr. Harris requests that this honorable Court enforce the discovery order in Docket 38 and grant costs and fees to Plaintiff necessitated by this motion and any other relief it deems just.

## BRIEF IN SUPPORT OF
## RULE 37 MOTION TO ENFORCE DISCOVERY ORDER

### Table of Principle Authorities Relied Upon

Discovery Order Regarding Discovery Motions [Docket 38]

*Federal Rule of Civil Procedure 37*

### Statement of Procedural Facts

This motion is necessitated by WFNNB's failure to comply with the terms of this Court's discovery order [Docket 38] which was issued following the May 17, 2011 hearing on Plaintiff's motions to compel responses to interrogatories and request for production of documents. On January 11, 2011, Mr. Harris issued his discovery requests. WFNNB tendered numerous objections and supplied few answers and documents. WFNNB also filed a motion for protective order seeking to

refrain from disclosing the name and identifiers of its principal witness on consent [Docket 8]. Plaintiff filed his motions to compel on April 3 and 4, 2011. Additionally, Mr. Harris filed his motion to compel Rule 26(a) disclosures based on WFNNB's failure to properly identify its witnesses (Docket 29).

After the hearing on the parties' motions, the Court ruled as to WFNNB's motion for protective order, that WFNNB must disclose the identity of the underlying account holder and certain identifiers and information about that account[1]. Further, as to Plaintiff's motions to compel, it ordered that WFNNB produce supplemental responses to 7 interrogatories and 15 requests for production[2]. As to the interrogatories, WFNNB was required to provide basic information about its witnesses, the telephone calls it placed to Mr. Harris, TCPA compliance, TCPA lawsuits it has defended and autodialing procedures, among other items. As to the production requests, it was ordered to provide its autodialing manuals, programming guidelines, TCPA compliance manuals, complaints, among other documents. The Court deemed Mr. Molina's motion to compel disclosures moot as it had ordered WFNNB to provide responsive answers to interrogatories on witness identity. Due to extended out of the country travel by WFNNB counsel Andrea Dent, the parties agreed that the deadline for the discovery responses would not be until July 1 (Exhibit 2). July 1 has come and gone, Plaintiff's counsel has made two inquiries of Ms. Olson's office as to the whereabouts of

---

[1] On June 13, WFNNB provided documents that had been previously redacted for the underlying account holder and her identifiers. While they were no longer redacted, the majority of the documents were of such poor print quality they were impossible to read. WFNNB has failed to produce quality reproductions despite the request of the undersigned (June 13 & 15, 2011 email correspondence attached as Exhibit 3). Many of the other documents were entirely coded and WFNNB has yet to produce the key.

[2] Magistrate Randon tasked the parties with drafting the Order. The parties came to agreement on the draft on June 7, 2011 and it was submitted to the Court through the CM/ECF system that date. Due to technical difficulties, it was not received by Judge Randon's office and the Plaintiff's counsel resubmitted the order on June 30.

WFNNB's supplemental responses but has not received the information. The undersigned received no response to the inquiry on July 13, attached as Exhibit 4. More than six months have expired since Mr. Harris served his discovery requests and he is still awaiting complete responses, including properly identified witnesses.

In its 2nd Scheduling Order, this Court issued extended the deadline for the witness list to July 22 and August 22 respectively. These deadlines are fast approaching. The depositions of WFNNB's witnesses are noticed for August 5, 6 and 8. Whether by design or not, WFNNB's delay in providing the discovery ordered by the Court impedes Mr. Harris's ability to investigate other complaints about Defendant's repetitive calling and its auto-dialing policies and practices. Lacking the timely production of interrogatory responses and documents, Plaintiff's ability to effectively depose witnesses is seriously compromised.

### Law & Argument

Rule 37 provides the mechanism for enforcing the provisions of the other discovery rules. Mr. Harris filed his motions to compel and obtained an order compelling discovery (Docket 38). He is now entitled to enforcement of that order. Fed. R. Civ.P. 37(b)((2)(A) provides for sanctions for a party's refusal to comply with a discovery order which can include prohibiting a disobedient party from supporting or opposing designated claims or defenses R 37(b)((2)(A)(ii) . Additionally, the rule requires that the disobedient party, the attorney or both, pay reasonable expenses including attorney fees caused by the failure. R 37(b)((2)(C).

WFFNB is withholding key information needed by Mr Harris to prosecute his claims. Plaintiff's ability to fairly conduct discovery and examine WFNNB's witnesses is seriously

undermined if Defendant is permitted to delay production until the very last minute. Accordingly, Mr. Harris requests that this Court order that WFNNB immediately comply with the Court's Discovery Order, require payment of reasonable expenses, and any other relief it deems just.

    Respectfully Submitted,

    By: s/ Julie A. Petrik
    Julie A. Petrik (P47131)
    LYNGKLIP & ASSOCIATES
    CONSUMER LAW CENTER, PLC
    Attorney For Dan Harris
    24500 Northwestern Highway, Ste. 206
    Southfield, MI 48075
    (248) 208-8864
    JuliePetrik@Att.Net

Dated: July 18, 2011

## Certificate of Service

I hereby certify that on July 18, 2011, I served this document on the following parties:

| Party | Manner Served |
|---|---|
| Charity Olson<br>Olson Law Group<br>106 E. Liberty, Suite 206<br>Ann Arbor, MI 48104 | Electronically via the CM/ECF System |

    Respectfully Submitted,

    By: s/ Julie A. Petrik
    Julie A. Petrik (P47131)
    LYNGKLIP & ASSOCIATES
    CONSUMER LAW CENTER, PLC
    Attorney For Dan Harris
    24500 Northwestern Highway, Ste. 206
    Southfield, MI 48075
    (248) 208-8864
    JuliePetrik@Att.Net

Dated: July 18, 2011