UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION


DAN HARRIS
     Plaintiff


 -vs-                           Case No. 10-14867
                                 Hon. Sean F. Cox
                                 Magistrate Judge: Mark Randon
WORLD FINANCIAL NETWORK NATIONAL BANK
et al.

     Defendants

## MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO TCPA CLAIMS

For the reasons set forth in the accompanying brief in support, Mr. Harris requests that this Honorable Court grant summary judgment on his claims that the Defendants, World Financial Network National Bank and Alliance Data Systems Corp., violated the TCPA.


## BRIEF IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO TCPA CLAIMS

### Issue Presented by Motion

In this case, Mr. Harris   Presents claims for statutory and actual damages for repeated misuse of an autodialer and prerecorded messages by Defendants.  This motion presents the following issue:  *Can World Financial present a genuine issue of material fact that it has used an autodialer to call Mr. Harris 's cellular phone?*

### Principal Authorities In Support of Motion

*Fed. R. Civ.P.*  Rule 56

47 U.S.C. § 227

*Charvat v. NMP, LLC*, --- F.3d ----, 2011 WL 3805618 (6th Cir. 2011)

1

*Jachimiec v. Regent Asset Management Solutions, N.A.,* 2011 WL 2160661 (SD.Cal. 2011).

*Pugliese v. Professional Recovery Service, Inc.*, 2010 WL 2632562 (E.D.Mich.,2010)

*Satterfield v. Simon & Schuster*, 569 F.3d 946 (9th Cir. 2009)

*Soppet v. Enhanced Recovery Co.,* 2011 WL 3704681 (N.D.Ill.,2011)

### Introduction

The Telephone Consumer Protection Act (TCPA),  prohibits calls to person on his or her cellular telephone using an automatic telephone dialing system or using a prerecorded or artificial voice message.  47 U.S.C. § 227(b)(1)(A)(iii).  World Financial Network National Bank (WFNNB) issues retail credit cards which are serviced by its affiliate, Alliance Data Systems Corp. (Alliance). These servicing functions include billing and collections (Exhibit 4, excerpts from Thomas Trancript,  54).[1]  Alliance is a captive servicer of WFNNB and only services cards issued by WFNNB and this motion will refer to these Defendants as WFNNB.

Using its auto dialer, WFNNB has conceded that it called Mr. Harris on his cell phone 56 times in the period from August 18, 2010  through October 26, 2010 (*Deposition of WFNNB and Alliance* p. 186 & Exhibit 5 & 6)[2] .  On many dates, it called him numerous times, including 9  times on August 21st, 10 times on August 22nd and five times on August 23, 2010.[2]  In addition to using its autodialing technology, WFNNB also used prerecorded messages in conjunction with calls to Mr.

---

[1]  Derrek Thomas, operations manager, testified as both Defendants' Rule 30(b)(6) witness.

[2]  Exhibit 5 p. 219-220, 228 & 235-236 are excerpts from WFNNB's *collection log* Mr. Thomas identified each call placed by WFNNB to plaintiff's phone number with its autodialer with an  asterisk (*Deposition of WFNNB and Alliance*, 187, 189 -191).  Additionally, see Defendants' Admissions as to dates and times it autodialed Mr. Harris (attached as Exhibit 6).

Harris's cell phone at least three times. Mr. Harris's never consented to receive these calls or the prerecorded messages. He had no preexisting or business relationship at all with WFNNB and owed it no money whatsoever.

Mr. Harris brings this motion for partial summary judgement under rule 56 based on the undisputed, material facts submitted with this motion as Exhibit 2.

### Standard of Review

The Court may grant summary judgment—"if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support the position by "citing to ... materials in the record, including depositions, documents, ... affidavits or declarations ... or ... showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the Court refuses to grant all the relief requested, the Court may use the motion and undisputed facts as an opportunity to narrow issues for trial:

> (g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

Fed.R.Civ.P. 56(g). This rule allows the Court to grant partial summary judgment or summary adjudication in order to reduce the issues for trial. *National Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc*., --- F.Supp.2d ----, 2011 WL 1083374, *4 (C.D.Cal.,2011). See also, *Huss v. King Co., Inc.*, 338 F.3d 647, 650-651 (6th Cir. 2003). As such, in cases involving multiple

3

issues, Rule 56(d) may be used to limit those issues so that the court and parties may focus on the truly disputed facts.

## Law & Argument

1. **The TCPA holds parties strictly liable for misuse of regulated autodialing and pre-recorded voice technology.**

In passing the TCPA, Congress acted to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers." S.Rep. No. 102-178, at 1 (1991) as reprinted in 1991 U.S.C.C.A.N. 1968.As the Ninth Circuit explained in *Satterfield v. Simon & Schuster*, infra

> The TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls. The consumers complained that such calls are a "nuisance and an invasion of privacy." The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of ATDSs to communicate with others by telephone in a manner that would be an invasion of privacy. We hold that a voice message or a text message are not distinguishable in terms of being an invasion of privacy.

*Satterfield v. Simon & Schuster*, 569 F.3d 946, 954 (9th Cir. 2009) (citations omitted).  And while the TCPA initially targeted at telemarketers, District Courts have come to a consensus that the TCPA regulates people using this same technology to collect debts as well.  *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill.,2011); *Jachimiec v. Regent Asset Management Solutions, N.A.,* 2011 WL 2160661 (SD.Cal.,2011); *Robinson v. Midland Funding, LLC*, 2011 WL 2160661, *1 (S.D.Cal. Apr. 13, 2011).  See also e.g. *Pugliese v. Professional Recovery Service, Inc.*, 2010 WL 2632562 (E.D.Mich.,2010)(Edmunds); *Soppet v. Enhanced Recovery Co.,* 2011 WL 3704681 (N.D.Ill.,2011); *Tang v. Medical Recovery Specialists, LLC*, No. 11 C 2109, slip op. at 3 (N.D.Ill. July 7, 2011); *D.G. ex rel. Tang v. William W. Siegel & Assocs.*, No. 11 C 599, 2011 WL

4

2356390, at *2 (N.D.Ill. June 14, 2011); *Moltz v. Firstsource Advantage, LLC,* 2011 WL 3360010

(W.D.N.Y.,2011).

In specific, the TCPA prohibits the use of an autodialer or prerecorded voice in a call to a

cellular telephone unless the caller has obtained the "express consent" of the called party

beforehand:

> (1) It shall be unlawful for any person within the United States, or any person outside
> the United States if the recipient is within the United States –
> (A) to make any call (other than a call made for emergency purposes or made with
> the prior express consent of the called party) using any automatic telephone dialing
> system or an artificial or prerecorded voice –
>                                        ***
> (iii) to any telephone number assigned to a paging service, cellular telephone service,
> specialized mobile radio service, or other radio common carrier service, or any
> service for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A).

47 U.S.C. §227(b)(1)(A)(iii).   Similarly, regulations promulgated by the FCC under the TCPA

regulations also prohibit autodialed and prerecorded calls to cellular telephones. 47 C.F.R.

§64.1200(a)(1)(iii).

In order advance a valid claim, the plaintiff must show (1) a call was placed to a cell or

wireless phone, (2) by the use of any automatic dialing system and/or leaving an artificial or

prerecorded message, and (3) without prior consent of the recipient.  *Pugliese v. Professional*

*Recovery Service, Inc.*, 2010 WL 2632562 (E.D.Mich.,2010)(Edmunds)

The TCPA specifically provides a private right of action based on violations of subsection

(b), or the regulations prescribed under that subsection, to recover either the actual monetary loss

from such violations or statutory damages of $500 for each violation, whichever is greater.  47

U.S.C. § 227(b)(3). Courts may treble the amount of damages awarded if the court finds that the

defendant's violations were committed "willfully or knowingly". *Id.*

(3) Private right of action
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).  See also *Charvat v. NMP, LLC*, --- F.3d ----, 2011 WL 3805618 (6th Cir.

2011).  The Court may enter summary judgment in favor of a plaintiff when no material facts have

been disputed by the defendant.  *Jachimiec v. Regent Asset Management Solutions, N.A.,* 2011 WL

2160661 (SD.Cal.,2011).

2.    **WFNNB's autodialed calls to Mr. Harris's cellular telephone violated the TCPA.**

         The statement of undisputed material facts identifies the record evidence supporting Mr.

Harris's claim.  WFNNB concedes 1) that it made the calls, 2) that it placed the calls to a cellular

phone, and 3) that it used an autodialer to do so.  In this case, there remains no genuine issue of

material fact that WFNNB called Mr. Harris on his cell phone 56 times using its automated dialer.

WFNNB has conceded this fact in admissions as well as in its depositions.  Additionally, Mr. Harris

never consented to these calls, and WFNNB has no evidence to the contrary.  Consequently

WFNNB has conceded each of the material facts necessary to support the claim under the TCPA,

and the Court should enter judgment on this claim in favor of Mr. Harris.

3.    **Each of WFNNB's prerecorded messages to Mr. Harris cellular phone also violated the TCPA.**

         Over and above the statutory damages for the autodialed calls to his cell phone, Mr. Harris

6

also seeks damages for prerecorded messages to his cell phone. Again, WFNNB has conceded that

it made three calls using this prohibited technology to Mr. Harris's cell phone without first obtaining

his consent. WFNNB has conceded all the material facts necessary to support this claim and the

Court should enter judgment in his favor on this claim under the TCPA.

4.   **World Financial has no available affirmative defenses to the claims under the TCPA.**

The Court should also enter judgment in plaintiff's favor as to World Financial's TCPA

affirmative defenses. Although the TCPA contains a "prior express consent" affirmative defense,

the burden of establishing prior consent is on the defendant. See *Pollock v. Bay Area Credit Service,*

*LLC*, No. 08-61101-Civ., 2009 WL 2475167, ----9-10 (S.D.Fla., Aug.13, 2009); *Pugliese v.*

*Professional Recovery Service, Inc.*, 2010 WL 2632562, *7 (E.D.Mich.,2010)(Edmunds).

Mr. Harris has provided a declaration asserting that he did not consent to these calls, and in

fact specifically asked them to stop. More to the point, WFNNB has conceded in its deposition that

it has no evidence to support this defense. Simply put, Mr. Harris  did not provide any kind of

consent for World Financial's repeated calls to his cellular phone. See also, *Soppet v. Enhanced*

*Recovery Co.*, 2011 WL 3704681 (N.D.Ill. Aug. 21, 2011) (no consent for TCPA defendant claiming

it called the number; consent of the recipient of the calls is required).

5.   **World Financial's TCPA violations were "willful" within the meaning of the TCPA**

Finally, World Financial's violations of the TCPA were "willful" within the meaning of the

statute.

(1) The term "willful", when used with reference to the commission or omission of
any act, means the **conscious and deliberate commission or omission of such act**,
irrespective of any intent to violate any provision of this chapter or any rule or
regulation of the Commission authorized by this chapter or by a treaty ratified by the
United States.

7

47 U.S.C. § 312(f).  Under this rule, "willful" TCPA means that the defendant intended to make the

calls, only.  *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 6373008 (N.D.Ill. June 17,

2010); 47 U.S.C. §312(f).  As construed by the Courts, this means that a plaintiff only needs to

demonstrate that the defendant knew that it had intended to use the autodialer to make calls.

> The undersigned finds persuasive the reasoning of those courts which have held that
> a plaintiff need not prove that the defendant had knowledge of the TCPA's provisions
> in order to establish that the defendant willfully or knowingly violated the TCPA.
> **The undersigned agrees with the Charvat court that "to establish a knowing
> violation of the TCPA for an award of treble damages, a plaintiff must prove
> only that the defendant knew that it acted or failed to act in a manner that
> violated the statute, not that the defendant knew that the conduct itself
> constituted a violation of the law."** *Charvat*, 879 N.E.2d at 770 (emphasis in
> original). In the present case, Plaintiff Stewart has established that Defendant Regent
> used an automated caller with a prerecorded message to call Plaintiff's cell phone on
> more than one occasion. **There is no evidence before the court that Defendant did
> not know that it made the telephone calls.** Accordingly, the undersigned finds that
> Plaintiff has established that Defendant acted "willfully or knowingly," and an award
> of treble damages under the TCPA is allowed. 47 U.S.C. § 227(b)(3). The court, in
> exercising its discretion, RECOMMENDS that the $1,000 statutory award for the
> two prerecorded telephone calls be tripled and that Plaintiff Stewart be awarded a
> total of $3,000 under the TCPA.

*Stewart v. Regent Asset Management Solutions*, 2011 WL 1766018 (N.D.Ga.,2011) citing *Charvat*

*v. Ryan*, 116 Ohio St.3d 394, 879 N.E.2d 765, 770–71 (Ohio 2007) (concluding that knowledge of

the TCPA is not required to find either a willful or knowing violation in support of treble damages).

See also, *Dubsky v. Advanced Cellular Communications, Inc.*, 2004 WL 503757, at *2 (Ohio

Com.Pl. February 24, 2004) (holding that defendant acted willfully because he acted voluntarily,

even if he did not know that his actions violated the statute).  The record evidence shows that

WFNNB intended to place the calls to the number that it used in calling Mr. Harris's cell phone.

Under the case law, this intention to do the prohibited thing constitutes a wilful violation of the

TCPA.

Even assuming the Court were to require more than is already required, there can be no genuine issue that WFFNB acted wilfully under the undisputed facts. WFNNB concedes that Mr. Harris informed WFNNB on the August 23, 2010 that the phone was his and demanded that the calls to his phone stop.  Rather than disassociating his phone number from all its accounts with its actual customer, WFNNB chose to disregard this information and continue calling Mr. Harris on two other accounts with this same debtor.  WFNNB took this course in reliance on its own internal policy, and in the process ignored the specific requests of Mr. Harris that it stop calling.

Under any of the commonly-understood standard available under federal law, a willful violation includes one for reckless disregard of the plaintiffs rights.  See *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605, 1610 (2010) citing  See, e.g., *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125-126, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) (civil damages for "willful violations" of Age Discrimination in Employment Act of 1967 require a showing that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited" (internal quotation marks omitted)) and *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007).

In this case, refusing to correct false information (like a wrong telephone number) in the face of actual notice its falsity constitutes wilful conduct. WFNNB possessed actual knowledge of this fact and affirmatively chose not to act on it, even though it had associated each of the other accounts with the wrong number and had the ability to stop all calls to Mr. Harris in conjunction with the use of its autodialer.  Under any of these potential definitions of "willful" WFNNB's refusal to act on the information provided to by Mr. Harris constituted wilful conduct.  WFNNB had actual that its calls were reaching plaintiff, rather than the actual debtor.   Thus, not only did World Financial

9

"intend" to make the calls at issue, its failure to recognize that it was calling the wrong person was reckless and wanton. There is no genuine issue of material fact that WFNNB acted willfully within the meaning of the TCPA, and the Court should grant summary judgment on the issue of treble damages to be awarded.

## CONCLUSION AND REQUESTED RELIEF

For the reasons set forth in this brief, and based upon the undisputed material facts in this case, Mr. Harris requests that this Court grant partial summary judgment on his claims under the TCPA, 47 U.S.C. § 227.

Respectfully Submitted,

By:  s/ Ian B. Lyngklip
Ian B. Lyngklip P47173
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Dan Harris
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
IanLyngklip@att.net

Dated: September 22, 2011

## Certificate of Service

I hereby certify that on September 22, 2011, I electronically filed the foregoing paper with the Clerk of the Court and all parties entitled to notice have received this document over the CMECF system.

10

Respectfully Submitted,


By: <u>s/ Ian B. Lyngklip</u>
Ian B. Lyngklip P47173
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Dan Harris
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Ian B. Lyngklip

Dated: September 22, 2011