UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

DAN HARRIS
    Plaintiff

-vs-                                      Case No. 10-14867
                                              Hon. Sean F. Cox
                                             Magistrate Judge: Mark Randon
WORLD FINANCIAL NETWORK NATIONAL BANK
*et al.*
    Defendants

## MOTION TO UNSEAL DOCKET 60, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND ATTACHED EXHIBITS

Dan Harris brings this motion to unseal his Motion for Partial Summary Judgment and the attached exhibits filed as Docket 60.

### *Certification of Counsel*

I certify that I have attempted to resolve this matter without court action in good faith by conferring or attempting to confer with the attorney for the Respondent to this motion, and the requested relief has not been provided.

Respectfully Submitted,

By:  s/ Julie A. Petrik
Julie A. Petrik (P-47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Dan Harris
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
JuliePetrik@Att.Net

Dated: November 2, 2011

**BRIEF IN SUPPORT OF**
**MOTION TO UNSEAL DOCKET 60, PLAINTIFF'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT AND ATTACHED EXHIBITS**

Plaintiff filed his Motion for Partial Summary Judgment (Docket 60) and used deposition testimony of World Financial Network National Bank (WFNNB) witness Derrek Thomas in support of that motion. At the time of his deposition, Counsel for WFNNB notified Plaintiff of its intent to designate his testimony as confidential and thus Plaintiff filed his motion under seal. Under the terms of the Stipulated Protective Order entered in this case (Docket 34), in order to make a confidentiality designation a party must serve the deposition transcript on counsel within 14 days of receipt with conspicuous confidentiality designations on the desired portions of the transcript:

> A party who intends to designate portions of deposition testimony as "CONFIDENTIAL" must notify the other parties of that intent, request a copy of transcript within 7 days of the conclusion of the deposition, and take all steps necessary to obtain that transcript. Within 14 days after receipt of the depositions transcript, a party may designate as confidential only those portions of the transcript which contain confidential matters by affixing a stamp conspicuously designating the information as "CONFIDENTIAL" on only those pages of the transcript which the party seeks to protect. The designating party must identify any pages containing confidential information in its log.
>
> If the party has taken all the steps to obtain a transcript of a deposition, that deposition testimony will be treated as "CONFIDENTIAL" until the expiration of the 14 day period described above. A party making any designations shall serve upon all counsel of record a complete copy of the transcript including those portions containing the designations. Any portions of a transcript designated as "CONFIDENTIAL" shall thereafter be treated as "CONFIDENTIAL" in accordance with this order.

Docket 34, ¶ 2.b.[1]

The time period for the designations expired on September 20 and WFNNB did not serve any

---

[1] The order contains a procedure for challenging confidentiality designations which is set forth at ¶ 5.

designations on Plaintiff's counsel[2]. Accordingly, there is no confidential material in Plaintiff's Motion and there is no reason to keep it under seal. Plaintiff sought WFNNB's concurrence in this motion but received no response to his request (Exhibit A).

### Conclusion

Accordingly, Mr. Harris respectfully requests that the Court unseal Docket 60 and the attached exhibits.

Respectfully Submitted,

By: s/ Julie A. Petrik
Julie A. Petrik (P-47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Dan Harris
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
JuliePetrik@Att.Net

Dated: November 2, 2011

---

[2] Because the filing deadline for Plaintiff's motion was September 22, so close to the September 20 deadline for the designations, Plaintiff emailed and called counsel for WFNNB to determine whether it had made any designations (September 22 email attached as Exhibit A). Receiving no response to these inquiries and in the interest of caution, Plaintiff filed Docket 60 under seal.

## Certificate of Service

I hereby certify that on November 2, 2011, I served this document on the following parties:

| Party | Manner Served |
|---|---|
| Charity Olson<br>Olson Law Group<br>106 E. Liberty, Suite 206<br>Ann Arbor, MI 48104 | Electronically via the CM/ECF System |

Respectfully Submitted,

By: s/ Julie A. Petrik
Julie A. Petrik (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
JuliePetrik@Att.Net

Dated: November 2, 2011