UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

DANIEL D. HARRIS,

    Plaintiff,

v.

WORLD FINANCIAL NETWORK
NATIONAL BANK, ALLIANCE DATA
SYSTEMS CORP., ALLIED DATA
SYSTEMS,

    Defendants.

Case No.: 2:10-cv-14867
District Judge Sean F. Cox
Magistrate Judge Mark A. Randon

| JULIE A. PETRIK (P47131) | CHARITY A. OLSON (P68295) |
|---|---|
| Lyngklip & Associates | Olson Law Group |
| Consumer Law Center, PLC | Attorneys for WFNNB and ADSC, only |
| Attorneys for Plaintiff | 106 E. Liberty, Suite 303 |
| 24500 Northwestern Highway, Suite 206 | Ann Arbor, MI  48104 |
| Southfield, MI 48075 | Tel: 734-222-5179 |
| Tel: 248-208-8864 | Fax: 866-941-8712 |
| juliepetrik@att.net | colson@olsonlawpc.com |

**DEFENDANTS' COUNTER STATEMENT OF MATERIAL FACTS IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, World Financial Network Bank**,** a Delaware State Bank, successor by conversion to World Financial Network National Bank, a national banking association ("WFNNB") and Alliance Data Systems Corp. ("ADSC") (together, with WFNNB, "Defendants"), through their counsel, Olson Law Group, for their Counter Statement of Material Facts in Opposition to Motion for Partial Summary Judgment, state as follows:

**A.     Response to Plaintiff's Statement of Undisputed Material Facts**

    1.     Admitted.

2. Admitted; however, the called party, Leann Morgan, provided Defendants with prior express consent to contact her at (810) 610-1233 relative to three (3) retail credit card accounts (known as the "Woman Within" Account, the "Roamans" Account and the "Brylane Home" Account, respectively) issued by WFNNB and serviced by Alliance Data Systems, Inc. ("Alliance").  Exhibit B at pgs. 54, 132, 136-138, 222, 229; Exhibit C at pgs. 28-32, 151-152; Exhibit D at pg. 207, Exhibit E at pg. 208, Exhibit F at pg. 206.

3. Denied.  Alliance called Leann Morgan at (810) 610-1233 on the dates and times listed. Id.

4. Denied.  Alliance uses the Avaya Predictive Dialing System. Exhibit B at pg. 54.

5. Admitted, in part.  Alliance's representatives use the Avaya Predictive Dialing System for some but not all calls made in the course of Alliance's business.  Additionally, the Avaya system does not assemble a list of phone numbers using a random sequential number generator.  Exhibit B at pg. 67.

6. Admitted, in part.  Alliance uses the Avaya Predictive Dialing System to make collection calls. Exhibit B at pg. 54.

7. Denied.  Alliance called Leann Morgan at (810) 610-1233 on the dates and times set forth in relation to three (3) retail credit card accounts issued by WFNNB and serviced by Alliance. Exhibit B at pgs. 54, 132, 136-138, 222, 229; Exhibit C at pgs. 28-32, 151-152; Exhibit D at pg. 207, Exhibit E at pg. 208, Exhibit F at pg. 206.

8. Denied.  Alliance called Leann Morgan at (810) 610-1233 and had no prior knowledge that the phone number was associated with a cellular phone, much less Plaintiff. Exhibit B pg. 220; Exhibit D at pgs. 200, 203, 222, Exhibit D at pgs. 193, 195, 215-216; Exhibits F at pgs. 186, 188, 230.

9. Admitted, in part. On August 23, 2010 at 8:37 a.m., Alliance was informed by a third party who answered the (810) 610-1233 line that this phone number should be removed from the Woman Within account. Exhibit B at pg. 201; Exhibit D at pg. 228, Thereafter, on September 4, 2010 at 12:56 p.m., Alliance was informed by a third party who answered the 810-610-1233 phone number that the number was a wrong number for Leann Morgan and should be removed from the Roamans account. Exhibit B at pgs. 198-199, Exhibit E at 219.

10. Admitted, as to Alliance. Exhibit B at pg. 54

11. Admitted, in part, but denied in those instances where a cardholder and/or third party, and not the Avaya system, identifies a wrong telephone number. In such instances, and upon receipt of verbal or written notice that a phone number previously associated with an account holder is not a proper contact number for whatever reason, Alliance's representatives remove the subject number from the specific account for which they are calling about, thereby preventing future calls from being made to the same number relative to such account. Exhibit B at pgs. 110-111, 155-158, 160-162, 173-179.

12. Denied, in part. A very small percentage of the total numbers of calls dialed by Alliance in any given year are subsequently dispositioned as "wrong number" calls. This term includes but is not limited to, circumstances in which: (a) the actual phone number for the called party is incorrect for whatever reason, (b) the called party has changed phone providers, numbers or, in the case of calls to a workplace, jobs; (c) the number is, in fact, accurate for the called party but the party is no longer authorized to discuss the account; and/or (d) the account holder provides false information to Alliance in an effort to thwart Alliance's legitimate collection efforts. Exhibit B at pgs. 283-286.

13.     Admitted but only to the extent the total number of calls falls within an otherwise acceptable range, which has always been the case. Exhibit B at pgs. 238-242, 315-318.

14.     Denied.  Alliance is engaged in constant and ongoing review of its legal compliance efforts, TCPA and otherwise, across the organization and regularly reviews its autodial connection rates. Id.

15.      Admitted, as to requests of unauthorized, third parties, and properly so.  The circumstances underlying a wrong number disposition vis-à-vis a particular account vary widely. Upon receipt of verbal or written notice from an unauthorized third party that a phone number associated with a cardholder/authorized party is no longer a good phone number with which to reach a cardholder, Alliance's representatives are trained to remove the subject number from the specific account, thereby preventing further calls to be made to such number relative to such account.  Alliance's representatives are otherwise authorized to make system wide changes to multiple accounts across its system if and as requested by actual cardholders. Exhibit B at pgs. 110-111, 155-158, 160-162, 173-179.

16.     Denied.  Each and every time Alliance was informed that the (810) 610-1233 was not associated with the called party, Leann Morgan, Alliance removed the (810) 610-1233 from the particular account, never again dialing such number for purposes of trying to reach Morgan regarding the account. Exhibit B at pgs. 198-199, Exhibit E at 219.

**B.     Defendant's Statement of Material Facts Precluding Summary Judgment**

1.     On or about June 14, 2010, Leann Morgan opened a credit line to purchase merchandise from an online/catalog retailer known as Woman Within.  Exhibit B at pgs. 54, 132, 136-138, 222, 229; Exhibit C at pgs. 28-32, 151-152; Exhibit D at pg. 207, Exhibit E at pg. 208, Exhibit F at pg. 206.

2. Morgan provided WFNNB with financial and other contact information in conjunction with the Woman Within credit application including the (810) 610-1233 phone number. Id.

3. Morgan's application was approved and purchases were subsequently charged to the Woman Within Account. Id.

4. On or about June 15, 2010, Morgan applied for a credit line to purchase merchandise from a second online/catalog retailer known as Roaman's. *Id*.

5. In conjunction with the Roaman's Credit application, Morgan provided WFNNB with financial and other contact information, including a contact number of (810) 610-1233. Morgan's credit application was approved and purchases were subsequently charged to the Roaman's account. *Id*.

6. On or about August 10, 2010 Morgan opened a credit line to purchase merchandise from a third online/catalog retailer known as Brylane Home. *Id*.

7. In conjunction with the Brylane Home credit application, Morgan provided WFNNB with financial and other contact information, including a contact number of (810) 610-1233. Morgan's application was approved and purchases were subsequently charged to the Brylane Home account. *Id*.

8. The accounts subsequently fell past due and Alliance began contacting Morgan. Exhibit B at pg. 132.

9. Alliance called Morgan at (810) 610-1233 to discuss the Woman Within account on the following dates and times:

    a. 8/18/10 at 1:09 pm.

    b. 8/21/10 at 8:39 am.

  c.  8/21/10 at 11:20 am.

  d.  8/21/10 at 1:39 pm.

  e.  8/21/10 at 3:21 pm.

  f.  8/22/10 at 8:35 am.

  g.  8/22/10 at 10:27 am.

  h.  8/22/10 at 12:25 pm.

  i.  8/22/10 at 12:50 pm.

  j.  8/22/10 at 2:23 pm.

  k.  8/23/10 at 8:37 am.

10.  Alliance called Morgan at (810) 610-1233 regarding the Roaman's Account as follows:

  a.  8/21/10 at 8:13 am.

  b.  8/21/10 at 11:16 am.

  c.  8/21/10 at 1:38 pm.

  d.  8/21/10 at 3:10 pm.

  e.  8/21/10 at 4:08 pm.

  f.  8/22/10 at 10:15 am.

  g.  8/22/10 at 11:57 am.

  h.  8/22/10 at 12:51 pm.

  i.  8/22/10 at 2:23 pm.

  j.  8/22/10 at 2:23 pm.

  k.  8/23/10 at 8:32 am.

  l.  8/23/10 at 10:02 am.

  m. 8/23/10 at 12:50 pm.

  n. 8/23/10 at 12:51 pm.

  o. 8/23/10 at 8:53 am.

  p. 8/24/10 at 8:27 am.

  q. 8/24/10 at 1:28 pm.

  r. 8/24/10 at 5:13 pm.

  s. 8/24/10 at 8:11 pm.

  t. 8/25/10 at 9:11 am.

  u. 8/25/10 at 7:30 pm.

  v. 8/26/10 at 8:16 am.

  w. 8/26/10 at 6:35 pm.

  x. 8/26/10 at 8:36 pm.

  y. 8/27/10 at 8:16 am.

  z. 8/27/10 at 11:48 am.

  aa. 8/27/10 at 8:49 pm.

  bb. 8/28/10 at 8:47 am.

  cc. 8/31/10 at 8:28 am.

  dd. 8/31/10 at 11:09 am.

  ee. 8/31/10 at 6:02 pm.

  ff. 9/01/10 at 9:37 am.

  gg. 9/01/10 at 2:31 pm.

  hh. 9/04/10 at 10:11 am.

  ii. 9/04/10 at 12:31 pm.

      jj.      9/04/10 at 12:55 pm.

      kk.      9/04/10 at 12:56 pm.

11.      Alliance called Morgan at (810) 610-1233 regarding the Brylane Home Account as follows:

      a.      10/21/10 at 12:34 pm.

      b.      10/22/10 at 12:16 pm.

      c.      10/23/10 at 1:31 pm.

      d.      10/23/10 at 3:31 pm.

      e.      10/25/10 at 11:07 am.

      f.      10/25/10 at 5:58 pm.

      g.      10/26/10 at 1:29 pm.

      h.      10/27/10 at 10:41 am.

17.      Denied.  Each and every time Alliance was informed that the (810) 610-1233 was not associated with the called party, Leann Morgan, Alliance removed the (810) 610-1233 from the particular account, never again dialing such number for purposes of trying to reach Morgan regarding the account.  Exhibit B at pgs. 198-199, Exhibit E at 219.

18.      Defendants had no knowledge that (810) 610-1233 was a cellular phone number. Exhibit B at pg. 220.

19.      Defendants did not obtain the (810) 610-1233 through skip trace efforts. Exhibit B at pgs. 85, 205-207, 231.