UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

DAN HARRIS
    Plaintiff

-vs-                                                          Case No. 10-14867
                                                               Hon. Sean F. Cox
                                                               Magistrate Judge: Mark Randon
WORLD FINANCIAL NETWORK NATIONAL BANK
et al.

    Defendants

## REPLY BRIEF IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO TCPA CLAIMS

### Table of Contents

1.    Mr. Harris has standing to assert claims for calls to his mobile phone under the TCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.    Third parties – such as Ms. Morgan – may not provide consent for calls to the cell phone of another person. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3.    Calls to Mr. Harris were willful as a matter of law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4.    WFNNB impermissibly seeks to expand the existing regulatory safe harbor for scrubbing its call list. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

### Table of Cases and Authorities

**FCC Material**
Fed Register Vol. 68, No 143, 44166 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*
(January 4, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of*

1

*1991* (September 21, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (July 3 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


**Federal Cases**

*Anderson v. AFNI, Inc.*, 2011 WL 1808779 (E.D.Pa. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Beaudry v. Telecheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . 1

*D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law*, --- F.Supp.2d ----; 2011 WL 2356390 (N.D.Ill. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*D.G. v. Diversified Adjustment Service, Inc.*, 2011 WL 5506078 (N.D.Ill. 2011) . . . . . . . . . . . 1

*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Kane v. National Action Financial Services, Inc.*, 2011 WL 6018403 (E.D.MI 2011) . . . . . . . 1-3

*Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc.*, 139 S.W.3d 342 (Tex.Ct.App.2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sengenberger, v. Credit Control Services, Inc.*, 2010 WL 1791270 (N.D.Ill. May 05, 2010); . . . 4

*Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681 (N.D.Ill. Aug.21, 2011) . . . . . . . . . . . . 1

*Stewart v. Regent Asset Management Solutions*, 2011 WL 1766018 (N.D. Ga. May 4, 2011) . . 4

*Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892 (W.D.Tex.2001) . . . . . . . . . . . . . . . . . . . 4

**1.      Mr. Harris has standing to assert claims for calls to his mobile phone under the TCPA.**

Standing to bring an action under a federal statute is generally available for any party who suffered an injury-in-fact as a result of the allegedly unlawful conduct. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982). The federal courts recognize standing to sue where the plaintiff has had his or her statutory rights allegedly violated. See *Beaudry v. Telecheck Servs., Inc.*, 579 F.3d 702, 707 (6th Cir. 2009). Mr. Harris does not seek to enforce the TCPA in an abstract way or to sue on someone else's behalf or on behalf of the public at large. Instead, he has filed suit to pursue his own rights under the TCPA as the "called party" for the repeated autodialing to his own cell phone. The TCPA does not limit a cause of action to the "intended recipient" of the calls. Rather, the TCPA permits a private cause of action for any "person." 47 U.S.C. § 227(b)(3), and the cause of action accrues in favor of the "called party" and not the "intended recipient" of the call. If Congress intended to limit the TCPA's protections only to "intended recipients" of unlawful calls it could have easily done so. It did not.

Mr. Harris has standing to sue under the plain language of the statute. 47 U.S.C. § 227(b)(1)(a). Case law agrees. *D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law*, --- F.Supp.2d ----, *2; 2011 WL 2356390 (N.D.Ill. 2011); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681, at *2 (N.D.Ill. Aug.21, 2011); *Anderson v. AFNI, Inc.*, 2011 WL 1808779, *7-*8 (E.D.Pa. 2011); *D.G. v. Diversified Adjustment Service, Inc.*, 2011 WL 5506078, *2 (N.D.Ill. 2011). He is the "called party" for purposes of the act. *Id*.

As for the authority cited by WFNNB, these same authorities and arguments were raised and rejected by Judge Murphy in *Kane v. National Action Financial Services, Inc.,* 2011 WL 6018403 (E.D.MI 2011). In that case – which rests upon similar factual allegations – Judge Murphy correctly

1

rejected each of the cases as inapplicable to claims made by the persons who receive calls to their own cell phones.

> The Court agrees with the reasoning of Anderson and Tang, and finds that Mr. Kane has standing because the statute unambiguously grants standing to any "person or entity" to bring a claim. Additionally, even if, as *Leyse* suggests, incidental recipients of a communication otherwise properly directed to the intended party should not have standing to sue, Mr. Kane was not an incidental recipient of NAFS's communications because NAFS intended to, and did, call his personal cell phone number.

*Kane v. National Action Financial Services, Inc., supra* at *5-7 (slip opinion).  WFNNB's arguments concerning standing have been rejected both within and outside this district.  The Court should reject WFNNB's position for the same reasons adopted by Judge Murphy.

**2.      Third parties – such as Ms. Morgan – may not provide consent for calls to the cell phone of another person.**

WFNNB claims that the TCPA does not hold it responsible for calls to Mr. Harris because Ms. Morgan allegedly provided the number at the time of the application and "consented" to the calls.  This argument fails for three reasons.

First, as set forth in Plaintiff's motion to strike which accompanies this motion, WFNNB has failed to offer any competent admissible evidence that supports the factual predicate of this argument.  It has offered no admissible evidence to suggest that Ms. Morgan gave Mr. Harris's number to WFNNB at the time of the application.  Consequently, the argument fails.

Second, the FCC has already determined who the "called party" is for purposes of the TCPA.  While WFNNB believes that it should be Ms. Morgan, the FCC has declared that it is the subscriber (Mr. Harris in this case) who is the called party.  Specifically, the FCC held

> With this ruling, however, creditors and debt collectors may use predictive dialers to call wireless phones, provided the wireless phone number was provided by the *subscriber* in connection with the existing debt. We note, however, that where the

> *subscriber* has not made the number available to the creditor regarding the debt, we expect debt collectors to be able to utilize the same methods and resources that telemarketers have found adequate to determine which numbers are assigned to wireless carriers, and to comply with the TCPA's prohibition on telephone calls using an autodialer or an artificial or prerecorded voice message to wireless numbers.

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (January 4, 2008) (notes omitted) (Exhibit 2). This ruling holds that only the "called party" may consent and the called party is the "subscriber." Similarly, the kind of "good faith error" urged by WFNNB does not appear in the plain language of the TCPA and the FCC has confirmed that no such defense exists.

> 123. Finally, we reject proposals to create a good faith exception for inadvertent autodialed or prerecorded calls to wireless numbers and proposals to create implied consent because we find that there are adequate solutions in the marketplace to enable telemarketers to identify wireless numbers.

Fed Register Vol. 68, No 143, 44166. See also *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (July 3 2003) (Exhibit 4); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (September 21, 2004) (Exhibit 5) at p. 2

Third case law reaches the same result by construing the "called party" language consistent with that in the FCC's declaratory order. WFNNB claims that Lee Ann Morgan is "called party." Case law within this district has concluded that the term "called party" means the subscriber. *Kane v. National Action Financial Services, Inc.,* 2011 WL 6018403 (E.D.MI 2011).

**3.** **Calls to Mr. Harris were willful as a matter of law.**

Finally, WFNNB's violations of the TCPA were "willful" within the meaning of the statute. Case law under the TCPA splits into two schools of thought defining "willful" violations. Under either standard WFNNB loses as a matter of law.

Under one school a party need only intend to make the calls to the specific number using the autodialer rather than the intent to reach one person or another. *Sengenberger, v. Credit Control Services, Inc.*, 2010 WL 1791270 (N.D.Ill. May 05, 2010); *Stewart v. Regent Asset Management Solutions*, 2011 WL 1766018 (N.D. Ga. May 4, 2011). Under the other school a defendant must have known that its actions in making prerecorded calls or sending unsolicited communications were a violation of the TCPA. See *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 899–901 (W.D.Tex.2001). *Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc.*, 139 S.W.3d 342, 346–47 (Tex.Ct.App.2004).

For purposes of this motion, WFNNB does not contest that it sought to call Mr. Harris's phone number ending in "1233." and that Mr. Harris asked WFNNB to stop calling. Additionally, WFNNB is aware of the TCPA and in fact monitors legisltative changes to that statute. (Mininger Tr. a 12, Exhibit 6)  WFNNB had a system-wide capability of ceasing all calls to a wrong number related to a debtor with multiple accounts, and it has simply chosen not to do so. (Thomas Trascript, Vol 1 157-161, Exhibit 7) Consequently, under either standard WFNNB acted willfully when it repeatedly used its autodialer to call the number, and knew of the statutory requirements that it only call parties who consented to the contact. There is no genuine issue of material fact that WFNNB acted willfully in violation of the TCPA.

**4.      WFNNB impermissibly seeks to expand the existing regulatory safe harbor for scrubbing its call list.**

Finally WFNNB argues that it had no notice that Mr. Harris's number was a cell phone and that it was not required to "scrub" or validate that the number did not lead to a cell phone line before calling. While it is not required to "scrub" its phone list, had they done so WFNNB could have availed itself of an administratively-created "safe harbor". *In re Rules and Regulations*

4

*Implementing the Telephone Consumer Protection Act of 1991* FCC 07-232 (Jan. 4, 2008) (Exhibit 2).  Thus, while the TCPA does not require scrubbing, it effectively allows a defendant to raise it as an affirmative defense.  In this case, WFNNB has neither plead, nor would be entitled to such a defense based upon its acknowledged refusal to scrub numbers before calling them.[1]

                Respectfully Submitted,

                By:  s/ Ian B. Lyngklip
                Ian B. Lyngklip P47173
                LYNGKLIP & ASSOCIATES
                CONSUMER LAW CENTER, PLC
                Attorney For Dan Harris
                24500 Northwestern Highway, Ste. 206
                Southfield, MI 48075
                (248) 208-8864
                IanLyngklip@att.net

Dated: January 13, 2012

## Certificate of Service

I hereby certify that on January 13, 2012, I electronically filed the foregoing paper with the Clerk of the Court and all parties entitled to notice have received this document over the CMECF system.

---

[1] Notably, if WFNNB had run this scrub, it would have learned that Mr. Harris's phone was in fact a wireless number – not a business land line as its records reflect – and could have avoided liability altogether.

                Respectfully Submitted,

                By:  s/ Ian B. Lyngklip
                Ian B. Lyngklip P47173
                LYNGKLIP & ASSOCIATES
                CONSUMER LAW CENTER, PLC
                Attorney For Dan Harris
                24500 Northwestern Highway, Ste. 206
                Southfield, MI 48075
                (248) 208-8864
                Ian B. Lyngklip

Dated: January 13, 2012